discussion of their meaning, it is sufficient to say that this form of return, as generally understood, means that the execution is uncollectible, and has been held sufficient in an action similar to this. Wheeler v. Miller, 24 Hun, 541, affirmed 90 N. Y. 353. See, also, Crocker on Sheriffs (3d Ed.) § 428.

The more serious objection is that of joining in one action against the corporation the claims in controversy here, with others for which the defendant concededly is not liable; and including in the judgment such other claims. I would think the objection good if the defendant stockholder had been prejudiced thereby; but, as has been seen, neither the nature nor amount of the claim is in dispute here. Nothing was realized upon the execution; the claims are concededly wholly unpaid; all the costs which were allowed in the action would have been recovered if the action against the corporation had been upon the claims for services alone; and the plaintiff's remedy against the corporation exhausted, as the statute contemplates.

I am not aware that the precise question has been decided by any of the appellate courts of this state, and the decisions in other jurisdictions called to my attention afford but little assistance in determining the question involved here, with the possible exception of the case of Stedman v. Eveleth, 6 Metc. (Mass.) 114; and the conclusion reached here is quite in harmony with the reasoning of that case.

It is contended that the claims having been in dispute, in the action against the corporation, there is no way of determining from the record what amount the jury allowed for labor; that the special findings of the jury were authorized. Section 1187 of the Code of Civil Procedure expressly authorizes special findings of fact by the jury; and the value thereof is concededly not now in dispute.

I think the notice to the stockholder was properly proven and was sufficient, and that none of the objections urged against the recovery are well taken.

The judgment and order should be affirmed, with costs. All concur.

---

## DRAGO v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department.  July 12, 1910.)

1. RAILROADS (§ 312*)—NEGLIGENCE TOWARD PEDESTRIAN—FAILURE TO GIVE WARNING.

It was negligent to run a railway train over a street crossing after dark without the headlight burning and without giving warning to pedestrians.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 988–1001; Dec. Dig. § 312.*]

2. NEGLIGENCE (§ 122*)—CONTRIBUTORY NEGLIGENCE—EXCUSE.

One cannot excuse himself from giving evidence tending to free himself from his own apparent contributory negligence by disclaiming recollection of the circumstances attending the accident without showing that such want of recollection was caused by the accident.

[Ed. Note.—For other cases, see Negligence, Dec. Dig. § 122.*]

**3. RAILROADS (§ 327*)—INJURY TO PEDESTRIAN AT CROSSING.**

One who attempted to cross railway tracks at a street crossing was guilty of contributory negligence barring recovery for injury by being struck by a train, where she knew, or ought to have known, from the rumble of the train, that it was approaching.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1043–1056; Dec. Dig. § 327.*]

Kruse, J., dissenting.

Appeal from Trial Term, Erie County.

Action by Orazia Drago against the New York Central & Hudson River Railroad Company for personal injuries at a street crossing. From a judgment of nonsuit, plaintiff appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Horace O. Lanza, for appellant.

Alfred L. Becker, for respondent.

McLENNAN, P. J. The evidence produced on the part of the plaintiff established that the defendant was moving or operating a train of cars along Church street, which extends easterly and westerly through the city of Buffalo; that at the time of the accident, which occurred at about 8 o'clock in the evening of the 1st day of September, 1906, the plaintiff assumed to cross the defendant's tracks, walking along Birdsall street, and was struck by an engine hauling a passenger train of the defendant from the east. There was no headlight burning upon the engine, and the evidence tends to show that no bell was rung or whistle blown to indicate the approach of such train at the crossing in question. So that we have no difficulty in reaching the conclusion that the defendant was guilty of actionable negligence in running its engine across the crossing in question without a lighted headlight and without ringing the bell to apprise pedestrians seeking to use such crosssing that its engine or train was approaching.

The serious question, however, presented by this appeal, is: Did the plaintiff show herself free from the charge of contributory negligence? Witnesses called on behalf of the plaintiff testified that as she got within a certain distance of the crossing she was seen to look both ways, presumably for the purpose of ascertaining whether or not a train or engine was approaching the crossing which she was about to cross. Whether or not she saw the train approaching upon making such observation does not appear. It does appear that without any further care or observation she walked onto the track, was struck by the defendant's train, and, we will assume, was injured, although nothing appears in the evidence to indicate the injury. As bearing upon the question of plaintiff's contributory negligence, it is testified that at a certain point, as she approached the crossing in question, she looked in either direction. Whether or not she discovered that a train was approaching and took her chances of passing in front of such train does not appear. It does appear without contradiction that the train

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was making such noise as to notify any traveler upon the highway that it was approaching the crossing, and it does not appear that the hearing of the plaintiff was not normal in all respects. The plaintiff approached this crossing when, as we will assume, it was dark. While the headlight of the engine was not lighted, there is nothing to indicate that the plaintiff did not know of the approach of the engine which came in contact with her. Her only evidence upon the subject is that she does not remember anything concerning the happening of the accident. She does not produce any evidence tending to indicate that she was injured in such manner as to impair her memory, or that she was incapable of describing what she did or did not do which would relieve her from the charge of contributory negligence in the premises.

The courts have gone a long way in holding that, where a plaintiff's intestate has been killed, thus rendering impossible the giving of testimony by such intestate, inferences may be. indulged to the effect that such intestate was free from contributory negligence. But we know of no case where it has been held that the injured party may be excused from giving evidence tending to free such party from the charge of contributory negligence by simply saying that he or she cannot remember as to the circumstances or facts of the accident, without giving any evidence that such want of recollection was caused by the accident which is complained of.

In the case at bar the evidence tends to show without contradiction that when the plaintiff went upon the tracks of the defendant she knew, or ought to have known, in the exercise of ordinary care and prudence, that the train which struck her was approaching such crossing. The rumble of the train was of itself sufficient to give such warning. The electric lights in the vicinity were such as to enable travelers upon the crossing to discover the approach of a moving train, notwithstanding we may assume that the headlight was not burning, and that the bell was not ringing. If the plaintiff had established by her evidence that she did not see the train in question approaching after having taken due care to have discovered its approach, or that she had exercised any degree of care in attempting to avoid collision with such approaching train, there might be some ground for the appellant's contention. But it seems to me that no case has gone so far as to hold that a plaintiff has established freedom from contributory negligence by simply stating that he or she failed to remember anything respecting the accident which is the subject of controversy, and without giving any explanation as to why such lack of memory occurred. .

Under all the circumstances disclosed by the evidence in this case, I think the learned trial court properly held that the plaintiff had failed to establish freedom from contributory negligence, and that therefore the motion for a nonsuit was properly granted.

Judgment affirmed, with costs. All concur, except KRUSE, J., who dissents in a memorandum.

KRUSE, J. (dissenting). While the evidence regarding the plaintiff's carefulness in approaching and going upon the crossing where

the train struck her is not very satisfactory, I am inclined to think it sufficient to make the question of her contributory negligence one of fact.

The statement of her son, that the plaintiff before the accident was in good health and her eyesight fine, should be taken in connection with the fact that she was 76 or 78 years old, and unable on the trial, as she testified, to remember anything of the accident.

By the testimony of others it appears that the train approached without ringing the bell or other signal; it was after dark, but there was no headlight; she looked twice in the direction from which the train came before going upon the track, once when she was near the curb of the street across which the train came, and again between the curb and the track. The inference is permissible that the train was not then in sight, either because it had not come in view around the curve, or that she was unable to see it because there was no headlight. She then started diagonally across the street northerly and was struck at the northerly rail of the track upon which the train came. She was walking, but there is no evidence as to the speed of the train. Counsel for the defendant states in his brief that the presumption is that the defendant was obeying the city ordinance and not running faster than six miles an hour.

Whether the train was running fast or slow, there can be no doubt of the negligence of the defendant in approaching this crossing after dark without light or warning. These circumstances may also be taken into account in determining the question as to whether the plaintiff herself was careless. While, of course, a person in approaching a railroad crossing must look and listen before going upon the track, and do so intelligently and with reasonable care, yet I think the circumstances may be such that he may to some extent at least rely upon the fact that ordinarily trains do not approach a crossing without warning and that engines are not usually run after dark without a headlight.

I think we must assume that the plaintiff is truthful in saying that she is unable to recollect anything of the accident. Her statement is not so inherently improbable that it can be disregarded upon a motion for a nonsuit. Whether that inability arises from the accident or otherwise, I can see no difference in principle between such a case and a death case or one where a person by reason of immature years, lack of intelligence, or other infirmity, is unable to give an account of the accident.

I think the case should have been submitted to the jury.