In the Matter of INEZ YANCEY, Respondent. NEW CHAPEL BAPTIST CHURCH, Appellant.— In a proceeding under section 113 of the Real Property Law, order made on reargument, confirming, ratifying, and approving *nunc pro tunc* a mortgage made by members of a religious group, affirmed, without costs. No opinion. Johnston, Acting P. J., Adel, Wenzel, MacCrate and Schmidt, JJ., concur. [See *post*, p. 699.]

■

GEORGE P. KARONIS, Appellant-Respondent, v. MICHAEL A. PALMIETTO, Defendant; MT. VERNON CONTRACTING CORP., Respondent, and MERRITT, CHAPMAN & SCOTT CORP., Respondent-Appellant.— In an action to recover damages for personal injuries, suffered when plaintiff's automobile emerged from a private road and collided with another automobile on the public highway, defendant Merritt, Chapman & Scott Corp. appeals from so much of a judgment entered on a verdict of a jury in plaintiff's favor and against said defendant and granting the motion of defendant Mt. Vernon Contracting Corp. to dismiss the cross complaint of defendant Merritt, Chapman & Scott Corp. against it. Plaintiff appeals from an order denying his motion to set aside the verdict on the ground of inadequacy. Judgment modified on the law and the facts by striking therefrom the first decretal paragraph and by substituting therefor a provision that the complaint be dismissed. As so modified, the judgment, insofar as appeal is taken, is unanimously affirmed, with costs to respondent-appellant. Appeal from order dismissed, without costs. Plaintiff did not give evidence as to the manner in which he drove onto the highway, having testified that he has no memory of the accident. The proof fails to establish negligence on the part of respondent-appellant which caused the collision with the automobile on the highway and fails to establish plaintiff's freedom from contributory negligence. Present — Johnston, Acting P. J., Adel, Wenzel, MacCrate and Schmidt, JJ.

■

MURRAY LANDY, Appellant, v. ISABELLE J. LANDY, Respondent.— In this action for divorce in which defendant counterclaimed for divorce, an order was made dismissing the complaint and counterclaim after a trial on framed issues of fact. The order contained no provision with respect to custody of the issue of the marriage or directions to pay for support of defendant or of said issue. Thereafter, on defendant's motion, an order was made granting custody to her, directing plaintiff to pay $350 a week for support of the children and $250 for a counsel fee for services in support of said motion. The appeal is by plaintiff from the last-mentioned order and from an order resetting it. Resettled order affirmed, with $10 costs and disbursements. No opinion. Appeal from original order dismissed, without costs. Nolan, P. J., Carswell, Johnston, Wenzel and MacCrate, JJ., concur. [See *post*, p. 973.]