BENJAMIN DAVIS, Respondent, v. ROGERS FUEL CORPORATION et al., Appellants.— Order reversed on the law, without costs of this appeal to any party, and motion granted, without costs. Memorandum: This case involves an auto-

mobile collision at an intersection. There were no traffic control signs at the intersection. Plaintiff had the right of way. However, there is nothing in the record from which it may be found or inferred that plaintiff looked to his left before entering into the intersection. He testified that he does not remember the events immediately prior to the accident. The jury disagreed, and defendants moved for judgment pursuant to section 457-a of the Civil Practice Act. We think the motion should have been granted. Even though plaintiff had the right of way, he was bound to use due care (*Scott* v. *City of New York*, 259 App. Div. 851) and was guilty of contributory negligence as a matter of law if he entered the intersection without looking (*Kosowsky* v. *Coller*, 227 App. Div. 740). Since " the circumstances point as much to the negligence of the [plaintiff] as to its absence, or point in neither direction, a nonsuit should be granted." (*Wiwirowski* v. *Lake Shore & Michigan So. Ry. Co.*, 124 N. Y. 420, 425.) The burden of proof on the issue of contributory negligence is not shifted by plaintiff's loss of memory. (*Drago* v. *New York Central & Hudson Riv. R. R. Co.*, 139 App. Div. 828, 830; *Karonis* v. *Palmietto*, 281 App. Div. 687, affd. 305 N. Y. 898; *Nicholas* v. *New York State Elec. & Gas Corp.*, 283 App. Div. 291, 300.) All concur. (Appeal from an order denying defendants' motion for dismissal of the complaint and for judgment for a directed verdict in an automobile negligence action.) Present — Vaughan, J. P., Kimball, Piper, Wheeler and Van Duser, JJ.