RUSSELL CARY, Appellant, *v.* BERNARD SHORT, Respondent.

Fourth Department, May 10, 1962.

*Joseph J. Nasser* for appellant.

*Cramer, Donovan, Graner & Davidson* (*M. Bates Davidson* of counsel), for respondent.

*Per Curiam.* The appellant Cary was driving his automobile in a northerly direction and the respondent Short was driving his automobile in a southerly direction when a head-on collision occurred between the two vehicles. Each sued the other for personal injuries and the cases were tried together. The crucial question was: on which side of the road had the accident occurred. The respondent Short claimed that as a result of the accident he had lost his memory and that he had no recollection of what had occurred. Medical testimony was introduced to support his claim of retrograde amnesia. The trial court charged that if the jury accepted Short's claim, "you are

instructed that the presumption is that a person takes ordinary care of his own concerns and proper precautions for his own safety, and the presumption is that Short was using ordinary care, and, in the absence of evidence to the contrary you are bound to find in accordance with this presumption that he was using ordinary care ''. Exception to this part of the charge was taken by one of Cary's attorneys upon the trial. The jury returned a verdict of no cause of action in Cary's case and a verdict of $15,000 in favor of Short against Cary.

Both parties appealed to this court. Subsequently, Cary's insurance company, without his consent or the consent of his personal attorney, settled the judgment in favor of Short and withdrew the appeal from that judgment. Cary's appeal from the judgment dismissing his complaint is now before us for decision.

In view of the withdrawal of the appeal of Cary as a defendant in Short's action, there is no need for us to pass upon the correctness of the court's charge insofar as it related to the issue of Short's contributory negligence as a plaintiff. We leave that question open for re-examination in a case in which it is necessary to decide it (cf. *Davis* v. *Rogers Fuel Corp.*, 284 App. Div. 1024; *Drago* v. *New York Cent. & Hudson Riv. R. R. Co.*, 139 App. Div. 828). We leave open, also, the question of whether the rule laid down in *Noseworthy* v. *City of New York* (298 N. Y. 76) with respect to death actions should be extended to the case of a plaintiff suffering from retrograde amnesia.

However, the charge was not limited to the issue of Short's contributory negligence; it also related to Short's negligence as a defendant in Cary's action against him. With respect to that issue, the charge was both needless and confusing. If the charge were interpreted as merely meaning that the burden of proof rested upon Cary as a plaintiff to establish the negligence of Short as a defendant, it added nothing to a simple statement of the burden of proof rule, as given in other parts of the court's charge. However, the charge that there was a presumption that Short was not negligent may well have led the jury to believe that, not only was the plaintiff Cary under the burden of coming forward with evidence of the negligence of the defendant Short but also that, in weighing the evidence, the jury was to give probative effect to a presumption of some kind in favor of Short, because of his loss of memory. There are special types of presumptions in New York State which are given this effect but it was erroneous to lead the jury to believe that there was a presumption of that type applicable to this case (e.g., *Begley* v. *Prudential Ins. Co.*, 1 N Y 2d 530, 533; Richardson, Evidence [8th ed.], §§ 57-60).

Furthermore, we believe that, upon the evidence, the verdict of no cause of action in Cary's case was against the weight of the evidence.

For these reasons, the judgment appealed from must be reversed and a new trial ordered. However, we note that prior to the new trial, the defendant Short may obtain leave to amend his answer to set up the $15,000 judgment in his favor, which stands unreversed, as *res judicata* and, if he does, the finding of Cary's negligence implicit in the judgment in favor of Short may bar any recovery in Cary's favor in his action against Short under the principle of collateral estoppel (*Good Health Dairy Prods. Corp.* v. *Emery,* 275 N. Y. 14; *United Mut. Fire Ins. Co.* v. *Saeli,* 272 App. Div. 951, affd. 297 N. Y. 611). If this result should occur, the question will then arise, as to which we express no opinion, as to whether Cary is entitled to recover from his insurance company the damage caused to him by its withdrawal of his appeal as a defendant in Short's action without his consent. (Cf. *McAleenan* v. *Massachusetts Bonding & Ins. Co.,* 232 N. Y. 199; 7A Appleman, Insurance Law and Practice, § 4712, p. 570; but see *Long* v. *Union Ind. Co.,* 277 Mass. 428; and cf. *Johnson* v. *Hardware Mut. Cas. Co.,* 109 Vt. 481.)

WILLIAMS, P. J., BASTOW, GOLDMAN, HALPERN and HENRY, JJ., concur.

Judgment and order unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.