## THIRD DEPARTMENT, JULY, 1963

### (July 15, 1963)

EDISON TOWNLEY, Appellant, v. BAGBY TRANSFER COMPANY et al., Respondents.— Appeal from a judgment entered on a decision rendered at Trial Term, Supreme Court, Greene County. At the close of plaintiff's proof in this negligence action the court at Trial Term granted defendants' motion to dismiss and a judgment of nonsuit has been entered. The proof of defendants' negligence is very strong; the problem arises on the question of plaintiff's freedom from contributory negligence. Defendant Cooper backed a tractor-trailer combination, 42 feet long, from a private road on the west side of Route 9-W near Catskill, across the highway, reaching and entering on the northbound lane. The road at this point was three lanes in width, but was marked in the center by a double white line; the speed permitted was 50 miles an hour. It was dark. Cooper sent an attendant with a red flashlight 30 or 40 feet back of the unit and he was waving the flashlight. Plaintiff, driving north on the northbound lane " not going very fast ", collided with the tractor-trailer and was seriously injured. He was rendered unconscious and he testified he had no recollection of the occurrence of the accident. There is medical opinion in the record to the effect such loss of memory is attributable to plaintiff's injury. In such a situation plaintiff is entitled to those inferences that the facts will reasonably bear in support of his own freedom from negligence. A finding of freedom from negligence does not depend alone and necessarily upon the personal narrative of the plaintiff. It may be spelled out, as the negligence of a defendant in a death case often is, from physical conditions, undisputed facts, or the testimony of witnesses who can throw collateral light on the occurrence. A driver using Route 9-W would not reasonably expect to come upon a 42-foot tractor-trailer at night being backed out of a roadway from the south side to the north side of a maximum speed State highway. Such units are often backed into city streets, but not often seen backing across maximum speed highways at night. It can readily be understood that such maneuver, with the tractor-trailer unit placed at an angle backward into the road, could be confusing and

deceptive to a driver coming north who would ordinarily believe, upon seeing such a combination, that the truck was moving forward and to its left and thus leaving the northbound lane open. The moving red flash-light, close to the rear of the trailer, could well be thought by an approaching driver to be a directional signal on the trailer itself. Moreover, there is proof that a short distance north of the scene lights from a gasoline station on the east side of the road created some visibility problem for northbound drivers. If plaintiff's memory had been unaffected and he had testified to these matters, it would be clear that his own negligence would be a question for the jury. His disability to testify nevertheless leaves such inferences favorable to the absence of plaintiff's negligence as the jury might draw. Order and judgment reversed on the law and the facts and a new trial ordered, with costs to abide the event. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.