DAVID E. WARTELS, Appellant, *v.* COUNTY ASPHALT, INC., et al., Respondents, et al., Defendant.

First Department, May 11, 1971.

*Herman J. McCarthy* of counsel (*Richard E. Coven* with him on the brief; *Stern & Reubens,* attorneys), for appellant.

*John Nielsen* of counsel (*Craig & Geen,* attorneys), for County Asphalt, Inc., respondent.

*Frank B. Gass* of counsel (*Robert E. Dowd* with him on the brief), for Ritangela Construction Corporation and another, respondents.

EAGER, J. The record in this action to recover for personal injuries sustained in a highway accident is completely void of any proof of facts or circumstances supporting an inference that plaintiff exercised due care. Consequently, the trial court properly dismissed plaintiff's complaint.

'' It is a fundamental principle in the law of this state that, in an action for personal injury based on the negligence of the defendant, the absence of negligence on the part of the plaintiff, contributing to the injury, must be affirmatively shown by the plaintiff either by direct proof or by circumstances, and that no presumption arises from the mere happening of an injury and proof of negligence on the part of the defendant, that the plaintiff was free from blame.'' (*Weston* v. *City of Troy,* 139 N. Y. 281, 282). Where, as here, '' circumstances point as much to the negligence of the plaintiff as to its absence, or point in neither direction, a nonsuit should be granted '' (*Tornambe* v. *Tornambe,* 16 A D 2d 680, affd. 12 N Y 2d 1003).

Although the plaintiff, who had by amnesia lost his memory of the events immediately preceding the accident, could very properly be held to a lesser degree of proof, the burden remained upon him to establish a case. The rule imposing a '' lesser burden '' as applied to the amnesiac plaintiff, '' does not, however, shift the burden of proof or eliminate the need for plaintiffs to introduce evidence of a prima facie case.'' (*Schechter* v. *Klanfer,* 28 N Y 2d 228; see, also, *Tornambe* v. *Tornambe, supra*). The Trial Justice was well aware that this was a case where the '' lesser burden '' rule could be applied, as indicated by his charge and in his opinion rendered in granting the motion to

dismiss but, as noted by him: " The difficulty with the present state of the plaintiff's proof respecting his freedom from contributory negligence is not that he has offered less proof than is normally required, but that he has offered no proof. The court is forced to this conclusion after carefully scrutinizing the available evidence on the subject ".

The accident occurred when the vehicle, driven by the plaintiff at a high rate of speed on the Thruway, struck a tractor-trailer proceeding lawfully and at a low rate of speed while making a U-turn into plaintiff's lane of travel. The accident occurred in the daytime, and although there was testimony that it was sprinkling and that the road was damp, undisputably, the tractor-trailer with its flashing lights and a flagman, with a red and white vest and waving a red flag, were visible for more than 1,500 feet as plaintiff approached the point of collision. There is no evidence by way of skidmarks or otherwise that the plaintiff at any time applied his brakes or attempted to turn to one side to avoid the collision. The fact is that plaintiff's convertible, on hitting the trailer near the rear, careened a distance of almost 30 feet, burst into flames, and was totally demolished. There is no proof that the plaintiff, driving at a high rate of speed, was maintaining a lookout or exercised any care to avoid the collision.

Accordingly, the plaintiff failed to " introduce evidence to make out a prime facie case " and thus, this was not a case where there was presented " an opportunity to apply the lesser burden of persuasion ". (See *Schechter* v. *Klanfer, supra.*) Certainly, plaintiff's freedom from contributory negligence was not established by proof of the mere happening of the accident and of the negligence of defendants. (See *Weston* v. *City of Troy, supra*; *Tornambe* v. *Tornambe, supra.*) Although it is true that, on the basis of the record, one may imagine circumstances under which it could be found that plaintiff exercised due care, the plaintiff's case may not be based on speculation.

That the trial court's determination to dismiss this action for failure of proof was proper is supported by the following decisions sustaining dismissals of suits by amnesiac plaintiffs: *Bongiorno* v. *Wechter Fuel Oil Co.* (26 N Y 2d 950, 952, affg. 30 A D 2d 858), where the plaintiff, in the Court of Appeals, argued that " particularly in view of the fact that he had lost his memory as a result of the accident, the evidence was sufficient to require submission to the jury of the issues " including the issue " as to whether he himself was contributorily negligent "; *Nicholas* v. *New York State Elec. & Gas Corp.* (283 App. Div. 291, 300, affd. 308 N. Y. 930), where the court said that the plain-

tiff " may not escape that burden [of establishing freedom from contributory negligence] by saying he could not recall where he was at the time of his injury." See, also, *Tornambe* v. *Tornambe* (*supra*, p. 1003), where plaintiff argued in the Court of Appeals that " the absence of direct proof on that issue [contributory negligence] should be excused because of plaintiff's senility "; *Ender* v. *Kehoe* (29 A D 2d 1044); *Karonis* v. *Palmietto* (281 App. Div. 687, affd. 305 N. Y. 898); *Davis* v. *Rogers Fuel Corp.* (284 App. Div. 1024); *Hansen* v. *City of New York* (274 App. Div. 196, affd. 299 N. Y. 136).

The decisions relied upon by the dissenting Justices are clearly distinguishable on the facts. In *Schechter* v. *Klanfer* (*supra*), the plaintiff did call an eyewitness and, as pointed out by Judge BREITEL, the coplaintiff did introduce evidence to make out a prima facie case, so that there was " an opportunity to apply the lesser burden of persuasion." In *Townley* v. *Bagby Transfer Co.* (19 A D 2d 757), the accident occurred in the nighttime and there was evidence that the plaintiff's car was not " going very fast " and that he could have been confused by the lights on the tractor-trailer with which he collided and other lights in the vicinity.

The judgment entered upon the trial court's determination dismissing the plaintiff's complaint should be affirmed, with costs and disbursements.

NUNEZ, J. (dissenting). Plaintiff, while driving his automobile westbound on the New York State Thruway, collided with a tractor-trailer which was straddling the roadway in the process of making a U-turn. The accident occurred at 8:00 A.M. on the morning of September 22, 1966. Plaintiff had left his home in New York City at 2:30 A.M. to keep a 10 o'clock appointment in Syracuse. The point of accident was 233.6 miles from the New York City line and the distance from New York City to Syracuse is 283 miles. The speed limit at the place of the accident was 65 miles per hour. The westbound portion of the Thruway consisted of two lanes of traffic, each 12 feet wide and a right shoulder of about 6½ feet. The distance from the front of the tractor-trailer to the rear of a low-boy attached to it was approximately 45 feet. The plaintiff was alone in his automobile. The only witnesses present at the scene of the accident were the plaintiff, defendant William Robb, the driver of the tractor-trailer and defendant Hurley McDougall, employed by defendant County Asphalt, Inc., as a flagman.

Robb testified that he pulled the tractor-trailer to the far right-hand shoulder of the westbound lane and waited for McDougall

to signal him across. He also looked in his rear-view mirror and saw the road clear. Both testified they were able to see to an overpass 1,500 feet to the east. Robb started to cross when McDougall signalled him to do so. McDougall testified that before he waved Robb across he looked toward the east and saw no traffic approaching; that he looked to the east once more as Robb started to cross but did not look to the east again prior to the accident. He did not see plaintiff's car until after the crash. The weather on the morning of the accident was described by McDougall and Robb as '' raining '', ''sprinkling '', '' kind of misty '' and '' hazy ''. Plaintiff's automobile struck the left rear of the trailer and bounced under the tractor where it burst into flames.

The jury rendered a verdict in favor of plaintiff against all defendants in the sum of $250,000. The trial court thereafter granted defendants' motions to dismiss the complaint upon which motions the court had reserved decision. Plaintiff claimed that as a result of the accident he suffered severe brain injuries causing retrograde amnesia and a complete loss of memory with respect to the accident. In its opinion dismissing the complaint the court said: '' It appears uncontradicted that the plaintiff is suffering as a result of the unfortunate automobile accident which is the subject of this litigation from retrograde amnesia from which he may never recover.''

The record on appeal consists of an abbreviated appendix which does not contain the court's charge. We learn from the briefs, however, that the jury was instructed that since the plaintiff was suffering from amnesia as a result of the accident, his obligation to establish his lack of contributory negligence was lessened as to the quantum of proof pursuant to the rule enunciated in *Noseworthy* v. *City of New York* (298 N. Y. 76). Apparently no exception was taken to that charge.

In setting aside the verdict and dismissing the complaint, the trial court found that plaintiff had offered no proof of his freedom from contributory negligence. In my view the trial court erred by ruling, in effect, as a matter of law that Robb and McDougall had actually looked to the east before the tractor-trailer proceeded to cross the Thruway, and that when these two witnesses looked, there was no car in sight as far as they could see. The record contains inconsistencies and mutually contradictory statements by these two witnesses. Their credibility was for the jury and not for the court as a matter of law. The defendants' negligence is clear. Plaintiff's freedom from contributory negligence was a question of fact for the jury to

determine from all the facts surrounding this accident and the inferences reasonably to be drawn therefrom.

At the point of accident the New York Thruway is a high speed limited access expressway. A driver using the Thruway would not reasonably expect to come upon a 45-foot tractor-trailer straddling the roadway. If plaintiff's memory had not been affected, and he had testified that due to the impaired visibility and the sudden start of the tractor-trailer across the roadway he was unable to avoid the collision although he did everything possible to avoid the accident, it would be clear that his own negligence or freedom therefrom would be for the jury. His disability to testify leaves it to the jury to draw such inferences relevant to plaintiff's negligence or freedom therefrom as the jury might see fit to draw. See *Townley* v. *Bagby Transfer Co.* (19 A D 2d 757 [3d Dept., 1963]) wherein in an almost identical case the Trial Term dismissed the complaint and the Appellate Division reversed and ordered a new trial.

In *Schechter* v. *Klanfer* (28 N Y 2d 228), plaintiff and his companion, both 14 years of age, were involved in a motorboat collision. The plaintiff was operating his father's boat across a lake. His companion sat in the front seat to the left of the plaintiff. The passenger testified that the night was clear and moonlit, that the boat's lights were on, and that the plaintiff was taking a straight course at about 4 miles an hour. The passenger looked to her right and saw a motorboat some 50 feet distant heading towards them, its bow out of the water. About one second later, the other boat operated by the defendant struck the Schechter boat near the driver's seat. She estimated that the defendant's boat was traveling at 30 miles an hour, the speed limit on the lake was 10 miles an hour. Plaintiff testified, but not as to the accident, claiming that as a result of the accident he had no memory of the events and had suffered amnesia due to brain damage. The trial court refused to charge the *Noseworthy* rule. There was a verdict in favor of the defendant. The Appellate Division affirmed. In reversing the Appellate Division and ordering a new trial, the Court of Appeals stated in part (p. 231): " In *Schafer* v. *Mayor of City of N. Y.* (154 N. Y. 466, 472), a wrongful death action antedating the statutory shift in burden of proof on contributory negligence in wrongful death cases, the rule was applied to plaintiff's burden on contributory negligence. Although the plaintiff had called eyewitnesses, the court explained that only plaintiff's decedent could have testified that he had seen the danger and had sought to avoid it. Plaintiff Schechter's case is similar: at issue is the degree of proof needed to meet plaintiff's burden on contributory negligence; an eyewit-

ness, Alice Stone, was called; and only Robert Schechter could have testified, if he were capable, whether he saw the Klanfer boat and tried to avoid it.''

In the case at bar two eyewitnesses, Robb and McDougall, were called and only the plaintiff could have testified if he were capable, whether he saw the tractor-trailer and sought to avoid it. I would reverse the judgment dismissing the complaint and reinstate the jury's verdict.

STEVENS, P. J., and STEUER, J., concur with EAGER, J.; NUNEZ, J., dissents in opinion, in which KUPFERMAN, J., concurs.

Judgment, Supreme Court, New York County, entered on July 8, 1970, affirmed. Respondents shall recover of appellant $50 costs and disbursements of this appeal.