■ NATHANIEL JENNINGS et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 58363.)—Appeal from a judgment dismissing the claim entered August 5, 1975 upon a decision of the Court of Claims. At six o'clock on the morning of April 21, 1972 claimant Nathaniel Jennings was driving south on Route 9W in the Town of Highlands, Orange County. The road was clear and dry. As he approached the 500-foot-long four-lane bridge which carries 9W over Popolopen Brook, a State truck was just beginning to sand the bridge. The truck was in the westernmost lane, moving south at 15 miles per hour. Jennings drove past the truck in the left southbound lane, but lost control on what turned out to be a very slippery ice-covered bridge and crashed with a northbound automobile in the northbound (eastern) half of the highway. Jennings and his wife brought this negligence action to recover for the injuries he sustained. The trial below was solely on the issue of liability. The Court of Claims in dictum in its written decision found the State negligent, but dismissed the claim because it thought claimants had failed to prove Mr. Jennings free from contributory negligence. Mr. Jennings was unable to tell of the accident because he claimed amnesia. The court concluded that in the absence of any medical proof of amnesia the claimants were not entitled to the more lenient standard of proof of freedom from contributory negligence set forth in *Schechter v Klanfer* (28 NY2d 228). We agree. We also concur in the finding of the court that claimants are precluded from recovering damages because Mr. Jennings' negligence contributed to the happening of the accident, we need not review the issue of the State's negligence. Jennings, over a five-year period prior to the accident, was a daily traveler over the highway and bridge during all seasons and knew that during early morning hours the Popolopen Bridge frosted and, when cold, became icy. Next, as he approached the bridge a State sanding truck, with an amber revolving dome light and a man shoveling sand from the rear of the truck, was moving slowly across the bridge. Had Mr. Jennings had his car under proper control, he should have been alerted to the fact that the bridge was slippery and, accordingly, acted prudently in response to that warning. He failed to so act, and his conduct under the facts herein constituted contributory negligence on his part. Judgment affirmed, without costs. Koreman, P. J., Kane, Mahoney, Main and Herlihy, JJ., concur.

■ In the Matter of MICKEY AA, Alleged to be a Neglected Child. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; STANLEY AA, Appellant.—Appeal from an order of the Family Court of St. Lawrence County, entered November 20, 1975, insofar as it changes the prior visitation rights of the appellant by making them more restrictive. There was sufficient testimony before the court, together with prior protective orders issued by Family Court, to justify restricting the visitation rights of the appellant father as recommended by the Law Guardian. Order affirmed, without costs. Koreman, P. J., Greenblott, Kane, Larkin and Herlihy, JJ., concur.