■ ANNMARIE LEEK, an Infant, by Her Mother and Natural Guardian, FRANCES LEEK, et al., Respondents, v DOREEN MC-GLONE, Appellant, and KENDALL LEEK, Respondent. (Action No. 1.) DOREEN MCGLONE et al., Appellants, v ANNMARIE LEEK, an Infant, by Her Mother and Natural Guardian, FRANCES LEEK, et al., Respondents. (Action No. 2.)—In two actions to recover damages for personal injuries, etc., Doreen McGlone, as a defendant in action No. 1, and Doreen McGlone and William McGlone, as the plaintiffs in action No. 2, appeal from (1) so much of an order of the Supreme Court, Suffolk County (Lama, J.), entered November 9, 1988, as denied their

motion for summary judgment against the Leek parties and modified a prior order of the same court, dated January 4, 1988, to require the defendant Kendall Leek alone, rather than the Leek plaintiffs, to retain a certain minibike involved in the accident, and (2) so much of an order of the same court, entered March 22, 1989, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order entered November 9, 1988, is dismissed, as that order was superseded by the order entered March 22, 1989, made upon reargument; and it is further,

Ordered that the order entered March 22, 1989, is modified, on the law, by deleting the provision thereof which adhered to the original determination denying that branch of the appellants' motion which was for summary judgment dismissing the claims and cross claims of the Leek parties against them, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that the order entered November 9, 1988, is modified accordingly; and it is further,

Ordered that the appellants are awarded one bill of costs, payable by the plaintiffs-respondents and the defendant-respondent in action No. 1, appearing separately and filing separate briefs.

It is well settled that once the moving party has made a prima facie showing of its entitlement to summary judgment, the burden shifts to the opposing party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action (see, *Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). In this case, even when the factor of the retrograde amnesia of Annmarie Leek, who was operating a minibike when it struck the McGlone vehicle, is taken into account, it is clear that the McGlones have established their entitlement to summary judgment dismissing all claims and cross claims against them in action No. 1. The only apparent independent eyewitness to the accident, Maria Sullo, who was a passenger on the Leek minibike, testified at a deposition that Annmarie Leek ran the stop sign at the intersection in question as well as several other stop signs prior to that. Several witnesses buttressed this testimony by detailing the rate of speed of the minibike and the fact that the minibike failed to stop at the stop sign. In short, the testimony of the independent witnesses corrobo-

rated the testimony of the McGlones as to the lack of culpable conduct of Doreen McGlone, whose vehicle was hit. The Leeks failed to come forth with any evidence which would raise any triable issue on the question of negligence in this case.

However, we agree that the Supreme Court correctly denied that branch of the motion which was for summary judgment in the appellants' favor on their cause of action to recover damages for negligent entrustment asserted against Annmarie Leek's parents, Frances and Kendall Leek. Although the minibike in question may be a dangerous instrumentality (see, Nolechek v Gesuale, 46 NY2d 332; see also, Young v Dalidowicz, 92 AD2d 242, 247), a triable issue of fact exists, inter alia, as to whether the Leeks knew of their daughter's proclivity to break the rules and restrictions they set regarding the use of the minibike.

The McGlones' remaining contentions have been reviewed and found to be either academic or without merit. Kunzeman, J. P., Harwood, Balletta and O'Brien, JJ., concur.