(June 14, 1993)

■ NELLIE BRYNE, Appellant, v DAVID BRYNE, Respondent. [599 NYS2d 82] —In an action, inter alia, to recover possession of two parcels of real estate and $68,000 in cash, the plaintiff appeals from so much of the order of the Supreme Court, Suffolk County (Cohalan, J.), entered January 14, 1993, as granted her motion for a preliminary injunction only to the extent of restraining the defendant from transferring, selling or encumbering the parcels, but did not direct the defendant to pay $68,000 into court pending the disposition of the case and permitted the defendant to renovate and rent one of the parcels with the proceeds to be deposited in a joint escrow account, and denied her summary judgment.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

On January 25, 1992, the plaintiff allegedly deposited $68,000 in a safe deposit box at Riverhead Savings Bank in Bayshore, New York, whereupon she designated the defendant, her son, as deputy to withdraw the funds whenever needed for her expenses. In April 1992 the plaintiff commenced the instant action alleging that the defendant had stolen her money from the safe deposit box and wrongfully induced her to deed the two real estate parcels to him.

After joinder of issue, the parties by their respective attorneys, cross-moved for summary judgment. Additionally, the plaintiff sought a preliminary injunction directing the defendant to deposit in court $68,000 cash, which he had allegedly taken from the plaintiff's safe deposit box, and restraining the

defendant from renovating, renting, transferring, disposing, or encumbering the two real estate parcels. The Supreme Court subsequently denied summary judgment, holding that the conflicting affidavits submitted by the parties raised clear issues of credibility which were to be determined by the trier of fact. Moreover, the court issued a preliminary injunction only to the extent of restraining the defendant from transferring, disposing, or encumbering the parcels, but failed to direct the defendant to pay $68,000 into court pending disposition of the case, and permitted the defendant to renovate and rent one of the properties with the proceeds to be deposited in a joint escrow with the parties' attorneys. We affirm.

It is well settled that summary judgment is the procedural equivalent of a trial and this drastic remedy should not be granted where there is any doubt as to the existence of any triable issue (see, Elzer v Nassau County, 111 AD2d 212; Andre v Pomeroy, 35 NY2d 361). We agree with the Supreme Court that there are genuine triable issues of fact which preclude summary judgment. In this regard, we reject the plaintiff's assertion that, as a matter of law, she is entitled to the imposition of a constructive trust over the parcels. We further note that the trial court did not improvidently exercise its discretion in granting only in part the plaintiff's request for preliminary injunctive relief (see, Moczan v Moczan, 135 AD2d 692). Accordingly, the order is affirmed insofar as appealed from. Rosenblatt, J. P., Copertino, Pizzuto and Joy, JJ., concur.