■ CHRISTOPHER MENEKOU et al., Appellants, v DENNIS T. CREAN et al., Respondents. (Action No. 1.) KEVIN DILLON, Appellant, v DENNIS T. CREAN et al., Respondents. (Action No. 2.) (And a Third-Party Action.) [634 NYS2d 532] —In consolidated negligence actions to recover damages for personal injuries, etc., the plaintiffs Christopher and Joan Menekou appeal and the plaintiff Kevin Dillon separately appeals (1) as limited by their briefs, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Robbins, J.), dated July 5, 1994, as granted the motion of the defendants Dennis T. Crean, 67 Mall Leasing Corp., Original Hall-Lane Moving and

Storage Co., Inc., and United Van Lines, Inc., for summary judgment dismissing the complaints insofar as they are asserted against them and (2) from an order and judgment (one paper) of the same court, entered August 1, 1994, which granted the motion of the defendant Richard Ovaitte, Jr., for summary judgment dismissing the complaints insofar as they are asserted against him.

Ordered that the order and judgment dated July 5, 1994, is affirmed insofar appealed from, without costs or disbursements; and it is further,

Ordered that the order and judgment entered August 1, 1994, is reversed, and the motion of the defendant Richard Ovaitte, Jr., is denied, without costs or disbursements.

The plaintiffs Christopher Menekou and Kevin Dillon both claim that they suffered amnesia as a result of an automobile accident with a tractor-trailer driven by the defendant Dennis T. Crean and a pickup truck driven by the defendant Richard Ovaitte, Jr. Menekou and Dillon claim that they are, therefore, entitled to a lower burden of proof than a plaintiff who does not suffer from amnesia *(see, Noseworthy v City of New York,* 298 NY 76). As a general rule, a plaintiff who suffers from amnesia as the result of the defendant's conduct is not held to as high a degree of proof in establishing his right to recover for his injuries as a plaintiff who can describe the events in question *(see, Sawyer v Dreis & Krump Mfg. Co.,* 67 NY2d 328). The plaintiff, however, still carries the burden of establishing a prima facie case *(see, Smith v Stark,* 67 NY2d 693, 694-695). Furthermore, a plaintiff suffering from amnesia must demonstrate the condition through an expert's affidavit by clear and convincing evidence *(see, Sawyer v Dreis & Krump Mfg. Co., supra,* at 334). Without expert evidence that establishes the plaintiff's loss of memory and its causal relationship to the defendant's conduct, the plaintiff may not invoke the lower burden of proof *(see, Sawyer v Dreis & Krump Mfg. Co., supra).*

Neither Menekou nor Dillon submitted the affidavit of an expert establishing that his amnesia was caused by the defendants' conduct. Instead, Menekou and Dillon improperly relied on their attorneys' affirmations, which state that they have amnesia, and on self-serving statements in a hospital record. This evidence is insufficient to invoke the lower burden of proof *(see, Sawyer v Dreis & Krump Mfg. Co., supra).*

In order to grant summary judgment, a court must find that there are no material, triable issues of fact *(see, e.g., Thomas v New York City Tr. Auth.,* 194 AD2d 663), that the movant has established his cause of action or defense sufficiently to war-

rant the court, as a matter of law, directing judgment in his favor (CPLR 3212 [b]), and that the proof tendered is in admissible form *(see, e.g., Zuckerman v City of New York,* 49 NY2d 557; *Naughton v Mueller,* 203 AD2d 341). If the movant tenders sufficient admissible evidence to show that there are no material issues of fact, the burden then shifts to the opponent to produce admissible proof establishing that there is a material issue of fact *(see, e.g., Leek v McGlone,* 162 AD2d 504).

Summary judgment was properly granted to the defendants Dennis T. Crean, 67 Mall Leasing Corp., Original Hall-Lane Moving and Storage Co., Inc., and United Van Lines, Inc. In support of their motion, they submitted evidence that Crean was not negligent in driving the tractor-trailer that the van struck. In response, Menekou and Dillon submitted attorneys' affirmations that were based upon mere speculation and conjecture and exhibits, some of which were not in admissible form. Menekou's and Dillon's evidence was insufficient to defeat a motion for summary judgment *(see, Davi v Alhamidy,* 207 AD2d 859).

However, because summary judgment is a drastic remedy that should not be granted where there is any doubt regarding the existence of a triable issue of fact *(see, Bryne v Bryne,* 194 AD2d 640), the Supreme Court erred by granting summary judgment to the defendant Richard Ovaitte, Jr. Ovaitte's deposition testimony raised an issue of fact about the location of the plaintiffs' van prior to the accident and, thus, whether or not Ovaitte violated Vehicle and Traffic Law § 1129 (a) *(see, Aromando v City of New York,* 202 AD2d 617). Santucci, J. P., Altman, Friedmann and Goldstein, JJ., concur.