Kellee Grace FRAS, Infant by her Mother and Natural Guardian Melinda Fras, and Melinda Fras, Individually, Plaintiffs–Appellants,

v.

CREATIVE PLAYTHINGS, INC. Defendant–Appellee.

Docket No. 04-5597.

United States Court of Appeals, Second Circuit.

Sept. 21, 2005.

Michael L. Gangadeen, Gangadeen & Associates, Richmond Hill, New York., for Appellants.

Michael L. Stonberg (Randolph E. Sarnacki, on the brief), Lustig & Brown, LLP., New York, New York., for Appellee.

Present: MINER, RAGGI, Circuit Judges, and KARAS,[1] District Judge.

1. The Honorable Kenneth M. Karas, of the       United States District Court for the Southern

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on September 14, 2004, [A 5, 102] is AFFIRMED.

Plaintiffs Kellee Grace Fras and Melinda Fras appeal from a final judgment entered in favor of defendant-appellee after a jury trial. They contend that two errors in the jury charge require a new trial: (1) the court's failure to charge the jury that it had to find certain voluntary safety standards identified by the American Society of Testing and Materials ("ASTM") and the Consumer Product Safety Commission ("CPSC") to represent general general custom or usage to accord defendant's compliance with those standards any weight in their deliberations, and (2) the court's failure clearly to differentiate the standards applicable to plaintiffs' duty-to-warn and defective-design claims in its oral instructions to the jury. The first alleged error was the subject of a trial objection; the second was not. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

### 1. *Standard of Review*

We review *de novo* a claim of error in jury instructions. *Japan Airlines Co. v. Port Auth.*, 178 F.3d 103, 110 (2d Cir. 1999). An instruction is erroneous if "it misleads the jury or does not adequately inform the jury on the law." *Id.* Where a party objected to a proposed instruction, we will vacate the jury's verdict if "the error was prejudicial in light of the charge as a whole." *Jacques v. DiMarzio, Inc.,*

District of New York, sitting by designation.

386 F.3d 192, 200 (2d Cir.2004). In this context, we have defined prejudicial to mean "not harmless," *id.,* that is, "[t]he jury might well have reached a different result had [an] appropriate instruction been given," *Holzapfel v. Town of Newburgh,* 145 F.3d 516, 525 (2d Cir.1998). Where a party failed to object to a jury instruction, we will only vacate a verdict if the error was plain, *Jarvis v. Ford Motor Co.,* 283 F.3d 33, 62 (2d Cir.2002), that is, if the error was "so serious and flagrant that it goes to the very integrity of the trial," *SCS Communications, Inc. v. Herrick Co.,* 360 F.3d 329, 343 (2d Cir.2004).

### 2. *The Industry Standards Charge*

Plaintiffs rely on *Sawyer v. Dreis & Krump Mfg. Co.,* 67 N.Y.2d 328, 502 N.Y.S.2d 696, 493 N.E.2d 920 (1986), to challenge the district court's industry standards charge. In *Sawyer,* the New York Court of Appeals ruled that a defendant's failure to comply with an organization's safety standards "could be considered by the jury as some evidence of negligence if [the jury first found that the standards] ... represented the general custom or usage in the industry," and if the jury was "instructed that [such standards] were not conclusive but were to be considered with all the other facts and circumstances of the case in determining whether ... defendant's conduct was reasonable." *Id.* at 337, 502 N.Y.S.2d at 701, 493 N.E.2d 920.

Even assuming that *Sawyer* compels a district court to instruct the jury that it may consider, as some evidence of non-liability, a defendant's *compliance* with safety standards such as those of the ASTM *only if* it first finds that those standards represent industry custom, the

failure to give such an instruction here could not have been prejudicial. As the trial transcript suggests, and as counsel for Plaintiffs conceded at oral argument, at trial Plaintiffs had explicitly argued that the ASTM standards *did* represent the industry custom. Therefore, even if the jury instruction were erroneous, it could not have damaged Plaintiffs' case in any way. Accordingly, Plaintiffs' *Sawyer*-based challenge must be rejected.

### 3. *The Oral Charge*

Plaintiffs fail to demonstrate that the district court's oral charge was so confusing as to constitute fundamental error. The transcript plainly reveals that the district court alerted the jury to those parts of its charge pertaining to the duty-to-warn claim and those parts relating to the design-defect claim. Further, the written charge provided to the jury during its deliberations used bold-faced heading to distinguish those instructions pertaining to the duty to warn and those pertaining to design defect. Accordingly, this challenge must also be rejected as without merit.

For the reasons stated, the September 14, 2004 judgment of the district court is AFFIRMED.