FLORENCE G. SHAW, Respondent, *v.* FRANK J. TAGUE, Appellant.

(Argued June 16, 1931; decided July 15, 1931.)

*H. Douglass Van Duser* for appellant. It was error for the court to submit to the jury, as an element of damage, the alleged change in the color of plaintiff's hair. (*Turner* v. *City of Newburgh,* 109 N. Y. 301; *Griswold* v. *N. Y. C. & H. R. R. R. Co.,* 115 N. Y. 61; *Kurak* v. *Traiche,* 226 N. Y. 266; *Newton* v. *N. Y., N. H. & H. R. R. Co.,* 106 App. Div. 415; *McLaughlin* v. *Curtis Quillen Co.,* 223 App. Div. 208; *Keefe* v. *Lee,* 197 N. Y. 68.)

*Daniel J. O'Mara* for respondent. The question as to the change in the color of plaintiff's hair was one of fact and was properly submitted to the jury. (*Turner*

v. *City of Newburgh*, 109 N. Y. 301; *Graham* v. *Bauland Co.*, 97 App. Div. 141; *Robinson* v. *St. Louis & S. Ry. Co.*, 77 S. W. Rep. 493; *Garthley* v. *Seattle Electric Co.*, 96 Pac. Rep. 155; *Booker* v. *Southwestern Missouri R. Co.*, 128 S. W. Rep. 1012; *Shaw* v. *Chicago, Rock Island & Pacific Ry. Co.*, 173 Ill. 107; *Griswold* v. *N. Y. C. & H. R. R. R. Co.*, 115 N. Y. 61; *Kurak* v. *Traiche*, 226 N. Y. 266; *Newton* v. *N. Y., N. H. & H. R. R. Co.*, 106 App. Div. 415; *McLaughlin* v. *Curtis Quillan Co.*, 223 App. Div. 208; *Keefe* v. *Lee*, 197 N. Y. 68.)

POUND, J. This is an ordinary negligence action. The jury was justified in finding that plaintiff, a widow aged fifty-five years, was struck by an automobile owned and operated by the defendant when she was waiting at a regular street car stop in the city of Rochester to board a street car; that she was careful and defendant was careless; that she was rendered unconscious; that she sustained injuries for which a verdict for $2,500 was, to say the least, not excessive.

On the trial, witnesses were permitted to testify that at the time of the accident plaintiff's chestnut hair was just beginning to turn grey but that in a day or two after the accident it turned snow white. No medical witnesses were called to express an opinion that the accident was an adequate procuring cause of the change. At the close of the plaintiff's case a motion was made " to strike out the testimony in reference to the hair turning from chestnut or brown to white on the ground there is no medical testimony to show in any degree that such a change was occasioned by any injuries sustained in this accident." No specific ruling was made on this motion but the trial justice in his charge said: " She claims that there is a change in her physical appearance. She is entitled to be compensated fairly and adequately for any changes that have come to her person as a result of the accident." At the conclusion of the charge we

find the following: " Mr. Van Duser: I desire to except to that portion of your Honor's charge where you submitted to the jury the proposition that changes of personal appearance are questions of fact for a jury. The Court: You refer to the hair? Mr. Van Duser: As to the hair."

The only point which this court can consider on this appeal is whether it was error to permit the jury to consider, on the question of damages, the fact that plaintiff's hair turned white immediately after the accident, in the absence of evidence tending to show that the change in its color was due to the accident.

It is a matter of common knowledge or belief that hair may grow white in a single night from sudden fears. (*Byron, The Prisoner of Chillon.*) *Müller*, in *"Hair and its Preservation,"* says: " Gray hair, so long regarded purely as a sign of approaching or premature age, is simply due to the absence or loss of pigment, or the presence of more or less air within the hair, caused either by sickness, worry, *shock*, severe mental strain long continued, or accidents." Indeed it is not seriously questioned in this case that grey hair may result from shock. The contention is that a mere sequence of accident and change in color of the hair is an argument of " *post hoc, ergo propter hoc;* " that some medical man should have been called to say that in his opinion the accident was an adequate producing cause of the grey hair.

In many cases jurors might find it difficult, without the aid of medical evidence, to connect conditions complained of with an accident but the results may be of such a character as to enable them to draw their conclusions from their own knowledge or experience. (*Benson v. Dean*, 232 N. Y. 52, 56.) Thus, if a plaintiff testified that after he was struck in the eye he had what is vulgarly known as a black eye, it would be unnecessary to produce an expert witness to say that an extravasation of blood resulting in ecchymosis might follow such a blow. On the other hand, remote and unusual effects of physical

injuries, such as cancer or tuberculosis, would call for more than a layman's knowledge of cause and effect. (*Hickenbottom* v. *D., L. & W. R. R. Co.*, 122 N. Y. 91.) Here we have no difficulty in surmising that if a medical man had been called by the plaintiff and asked on a hypothetical question, including the facts testified to, what caused the change in the color of the hair, he would have said that in his opinion it was due to the accident. The failure to give professional sanction to a result for which no other adequate cause is remotely suggested ought not to cost the plaintiff her judgment, especially as it appears that the jury did not take seriously the pecuniary loss due to a sudden change in the color of hair which was already beginning to turn grey.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.