John A. Monteieone, J.
Plaintiff moves to compel the defendant, Mardan Construction Corp., to accept a notice, relating to introduction of evidence September 1,1968.
This is a negligence action wherein plaintiff seeks to recover damages for personal injuries in the sum of $10,000. Plaintiff pursuant to CPLR 4533-a has forwarded to all defendants an itemized bill of a medical doctor in the sum of $120 together with a verified statement setting forth the history, diagnosis, prognosis and treatment rendered, contending that the aforesaid documents are prima facie evidence of the reasonable value of such itemized services. The said defendant rejected and returned plaintiff’s notice and offer of proof and now opposes this motion, contending that the medical statement and bill can only be offered and accepted in cases where a party seeks damages not exceeding $300.
CPLR 4533-a provides as follows: 1 ‘ Prima facie proof of damages. An itemized bill or invoice, receipted and marked paid, for professional or other specialized services or repairs or both in connection with tortious damages to a person or property, shall be prima facie evidence of the reasonable value of such repairs or services itemized therein in an action or counterclaim for the collection of such damages; provided the same is duly verified by the person, firm or corporation, or an authorized agent or employee thereof, rendering such services or making such repairs and charging for the same, and contains a verified statement that no part of the payment received therefor will be refunded to the claimant, and that the fees, charges or costs itemized therein are at the usual and customary rates charged for such repairs or services by the affiant or his employer; and provided further that a true copy of such itemized bill or invoice is served upon the attorney for the party against whom such claim is asserted at least five days before the date of trial of the action. Such bill or invoice shall be admissible whatever its amount, but shall not authorize an award in excess of three hundred dollars.”
The aforesaid rule was derived from former CPLR 4533-a adopted by the Legislature in chapter 263 of the Laws of 1966, *977 relating to automobile repair bills. The legislative intent was to simplify the proof of property damage in small cases where the size of the case makes it impractical to bring an automobile mechanic to court to testify concerning the reasonableness of his bill. The recovery by a party in a property damage cause of action was limited to $300, and the itemized bill and its reasonableness as to value was and is rebuttable by the adverse party.
In recommending the present amendment the Judicial Conference in its report to the Legislature dated February 1, 1968 provided as follows: ‘ ‘ The proposal suggests that a new Buie 4533-a 'be adopted to provide more broadly that any bill or invoice for professional or other specialized services or repairs in connection with tortious damage to person or property shall be prima facie evidence of the reasonable value of the damages itemized therein. Bills under the proposed Buie would be admissible whatever the amount, but would not authorize an award in excess of $300.”
The legislative intent is that recovery relating to a bill paid cannot exceed $300 but this limitation does not affect plaintiff’s $10,000 ad damnum clause as contended by this defendant. However, plaintiff cannot, without a competent medical witness, offer the itemized bill to prove personal injuries or to render an opinion as to prognosis. To hold otherwise would permit a plaintiff to offer prima facie evidence of personal injuries, including prognosis, as this plaintiff has done, under the guise of complying with CPLB 4533-a.
The test, therefore, does relate upon the issue of damages. Under UPLB 4533-a, a medical bill is prima facie evidence of the treatment or services rendered and also that the amount paid is the reasonable value thereof, limited to a recovery of $300. If any part of the offer of proof goes beyond itemization of treatment, services and reasonable value thereof, it is inadmissible since then its purpose and effect would be to prove damages exceeding $300 and not within the purview of 4533-a.
A plaintiff, however, always has the burden of proving that the medical services were necessary and further that the injuries were the proximate cause of a defendant’s negligence. Also, a plaintiff in testifying as to personal injuries sustained together with pain and suffering resulting therefrom, without expert medical proof, is limited, subject to the discretion of the Trial Judge, to a reasonable time after the occurrence of the injuries, depending upon their severity. It follows, therefore, that the treatment, services and bill rendered by a physician are subject to the same limitation.
*978 Accordingly, plaintiff’s motion is granted and the aforesaid defendant is directed to accept plaintiff’s notice and offer of proof. All defendants, however, shall have the right to object, at the time of trial, to that matter included in said notice and offer of proof which goes beyond the scope of CPLB 4533-a.