OPINION OF THE COURT
Herbert A. Posner, J.
This was a nonjury case for personal injuries suffered by a pedestrian after coming in contact with defendant’s bus on January 24, 1975. After the completion of the trial, the court found the defendant negligent and the plaintiff free from contributory negligence. However, there remained to be resolved a perplexing question as to whether the plaintiff suffered a "serious injury” within the meaning of subdivision 4 of section 671 of the Insurance Law (L 1973, ch 13).
Plaintiff attempted to satisfy the threshold requirements by introducing into evidence $612 of medical bills (pursuant to CPLR 4533-a). The defendant challenged the introduction of a number of the bills, but the only one that has created a problem is the last bill for $155 for X-ray services rendered more than 10 weeks after the accident. What creates the problem is the fact that there was no medical testimony whatsoever and the elimination of this bill would nonsuit the plaintiff by reducing the amount paid for medical services below the minumum requirement of $500 ($612 — $155 = $457).
First, plaintiff contends that even if testimony of her own pain and suffering was limited to eight weeks (Civil Court Directive No. 428), this only affects her recovery for general damages. It should have no bearing upon her ability to prove special damages. This she claims that she can do by the statutory permission given under CPLR 4533-a. CPLR 4533-a reads in part as follows: "An itemized bill * * * for services * * * is prima facie evidence of the reasonable value and necessity of such services”.
If CPLR 4533-a was a rule of evidence which stood by itself, independent of any other rules of evidence, then plaintiff’s contention would be valid. However, such was not the intention. Professor McLaughlin in his Supplementary Practice Commentary to CPLR 4533-a (McLaughlin, 1970 Supplementary Practice Commentary, McKinney’s Cons Laws of NY, Book 7B, CPLR 4533-a) states: "The new rule does not — as it *552 should, not — create an inference that the services were rendered to cure or repair damage proximately caused by the defendant’s negligence * * * Accordingly, if there is any question of proximate causation, as there often is, the plaintiff must be prepared to prove it * * * In most personal injury litigation the doctor will have to be called as a witness anyway to testify on the causation issue.”
While the plaintiff is correct in her contention that the bill itself (once properly introduced under CPLR 4533-a) is prima facie evidence of the reasonableness and necessity of the bill, it is nevertheless incompetent evidence without causal connection to the injury (McLaughlin, Practice Commentary, McKinney’s Cons Laws of NY, Book 7B, CPLR 4533-a, p 216). It is elementary that a plaintiff is entitled to recover only those medical expenses which were necessarily incurred to correct an injury caused by the defendant (Statler v Ray Mfg. Co., 195 NY 478). Except in the clearest of cases,[1] it will usually be necessary to call the doctor as a witness to testify to this aspect of the damages (Truilizio v Predelli, 16 AD2d 739). When applying this rule to the threshold question under the no-fault law, subdivision 4 of section 671 of the Insurance Law provides: " 'Serious injury’ means a personal injury * * * (b) if the reasonable and customary charges for medical * * * services necessarily performed as a result of the injury would exceed five hundred dollars.” (Emphasis added.)
The second major point raised by plaintiff is that defendant is estopped from challenging the bills for medical services because of an arbitration award and defendant’s subsequent payment of the bills. The defendant, a self-insurer, originally challenged plaintiff’s claim for first-party benefits on grounds of laches.[2] No other challenge was made to the bills themselves, and when the arbitrator found for the plaintiff, the defendant paid the medical bills.
Plaintiff claims the arbitrator’s award created an issue *553 preclusion[3] regarding the admissibility of the medical bill. There is no question that the doctrines of claim preclusion and issue preclusion between the same parties apply as well to awards in arbitration as they do to adjudications in judicial proceedings (Matter of American Ins. Co. [Messinger — Aetna Cas. & Sur. Co.], 43 NY2d 184; Rembrandt Inds. v Hodges Int, 38 NY2d 502; 23 Carmody-Wait 2d, NY Prac, § 141:151, p 80). However, there are two requirements, which must be met, before applying "issue preclusion.” First, the parties must be the same (which they are); and, second, the issue must be the same (which it is not). The issue in the arbitration proceeding was only that of late filing of the claim. The issue at this trial is the medical connection of Dr. Jalen’s bill for $155 to the injury sustained by plaintiff as a result of defendant’s negligence. The two are completely different issues and therefore the arbitrator’s award does not preclude defendant from challenging the admissibility of Dr. Jalens’ bill. An arbitration award has the same effect as a judgment and as to all matters adjudicated therein it is res judicata. If an issue was not passed upon by the arbitrator and is the subject of a later action, the award would not be a bar. (Rembrandt Inds. v Hodges Int., supra.)
Plaintiff raised one final argument on this question of "issue preclusion”, upon which there was very little precedent; and what little there is, is in plaintiffs favor. Plaintiff states that under the no-fault law, the insurer has the right to contest the reasonableness and necessity of the medical bills. If contested, the claimant has the option of submitting the issue to binding arbitration or commencing a lawsuit (Insurance Law, § 675, subd 2). Since defendant and the insurer are the same party (defendant being a self-insurer), the defendant (having already paid the bills) is estopped from challenging the necessity of the bills at the trial. In support of this argument plaintiff cites two Supreme Court cases (in the Second Dept) wherein the plaintiffs were successful in (pretrial motions) striking the defendant’s defense of "failure to meet the threshold requirements” (Shalem v Teitelbaum, 84 Misc 2d 596; Greenblatt v Johannssen, 80 Misc 2d 436). However, we do not believe the courts in those two decisions considered the rationale expressed in the succeeding paragraph.
*554 When a claimant applies for first-party benefits under the no-fault law, he is not required to offer evidentiary proof that the medical bills are causally connected to the injury sustained. An affidavit by the claimant and the doctor are all that is required for the payment of medical bills. Of course, if the claimant submits medical bills for a period in time, far beyond the date of injury, the insurer will probably challenge them. However, it would be illogical and unreasonable to expect the insurer to challenge medical bills for services rendered 10 to 12 weeks after the accident. Payment of the bills by the insurer does not free the plaintiff from the obligation of offering evidence as to causal connection at a trial for pain and suffering. For the past 30 years it has become commonly accepted in all courts in this State that there should be a time limitation upon the scope of lay testimony regarding injuries. The recommended guidelines in directive No. 428 are restricted to the ordinary "soft-tissue” injury cases. They permit plaintiff, uncorroborated by a medical expert, to testify with respect to pain and suffering sustained for a period up to four weeks from the date of the accident, without the introduction of any bills. However, if medical bills pursuant to CPLR 4533-a are introduced and "they show treatment at regular intervals for a period up to eight weeks from the date of the accident, plaintiff may then testify to symptoms up to a period of eight weeks from the date of the accident.” Also pertinent are the strong policy considerations inherent in the medical exchange rules of the First and Second Departments (22 NYCRR 660.11, 672.0-672.11, 2900.15).
The legislative purpose of section 673 of the Insurance Law was to limit lawsuits for pain and suffering only to cases of "serious injury”. To permit plaintiff to "boot-strap” her injury by introducing evidence that is not otherwise admissible, would be a travesty of the law. Defendant had no way of knowing that plaintiff could not causually connect Dr. Jalen’s bill to the injury when it paid the bill; and is therefore entitled to challenge its introduction at the trial.
Judgment for defendant. Plaintiff’s cause of action is dismissed for failure to meet the threshold requirements of the no-fault law.

. Civil Court Administrative Directive No. 428 (issued February 11, 1977) gives as examples of "exceptions” to the general rule two cases involving a crushed finger and an amputated toe (Meiselman v Crown Heights Hosp., 285 NY 389 and Shaw v Tague, 257 NY 193).

. Defendant had sent the plaintiff forms for a no-fault claim on January 29, 1975 (five days after the accident), but plaintiff did not respond until May 10, 1976. However, the arbitrator found that defendant had not made any effort to follow up on its January 29, 1975 mailing; and, therefore, held that the plaintiff was not precluded from pressing her claim.

. Restatement, Judgments 2d prefers the nomenclature "issue preclusion” and "claim preclusion” in place of the terms "collateral estoppel” and "res judicata.”