■ JOSEPH D'AGOSTINO, Respondent, v PAN AMERICAN WORLD AIRWAYS, INC., et al., Appellants, et al., Defendant.—In an action to recover damages for abuse of process, invasion of plaintiff's civil right to privacy and breach of plaintiff's "union contracts" with defendant Pan American World Airways, Inc., defendants Pan Am and Doran, Colleran, O'Hara, Pollio & Dunne, P. C., separately appeal from (1) an order of the Supreme Court, Queens County, dated October 26, 1979, which (a) denied their motions to dismiss the complaint for failure to state a cause of action upon which relief could be granted, and (b) directed plaintiff to serve an amended complaint within 30 days, and (2) a further order of the same court, dated March 19, 1980, which denied their motions to dismiss

the amended complaint. Orders reversed, on the law, with one bill of $50 costs and disbursements payable jointly to appellants, and motions to dismiss granted. New York recognizes no right to judicial relief for the invasion of privacy beyond protection from the commercial misappropriation expressed in sections 50 and 51 of the Civil Rights Law *(Wojtowicz v Delacorte Press,* 43 NY2d 858). An allegation of breach of contract in and of itself does not give rise to a cause of action for invasion of privacy under section 51 of the Civil Rights Law *(Gautier v Pro-Football, Inc.,* 304 NY 354). As such, the plaintiff has failed to state a cause of action for violation of his right of privacy. Plaintiff has failed to establish that the appellants' underlying motive with respect to the subpoena duces tecum was a desire to harass and cause detriment to plaintiff outside the legitimate ends of process. Absent this key element of the tort of abuse of process, no cause of action has been stated (see *Board of Educ. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO,* 38 NY2d 397). Mangano, J. P., Gibbons, Gulotta and O'Connor, JJ., concur.