OPINION OF THE COURT
Gerard M. Weisberg, J.
The claimant allegedly sustained personal injuries as a result of her fall on the premises of the defendant on May 21, 1979. As evidence of her damages, she offered an itemized bill executed by her physician pursuant to CPLR 4533-a. It contains a diagnosis of “Multiple Contusions.”
Defendant objected to the proposed exhibit contending, inter alia, that the rule applies only to property damage, arguing further that should the court find that claimant’s document does fall within its purview, it is not in compliance with the rule’s “payment” requirement, nor is it legally admissible evidence of claimant’s injuries, her treatment costs and the necessity thereof.
Pursuant to this rule, an itemized bill, receipted or marked paid is admissible and is prima facie evidence of the reasonable value and the necessity of the services in any civil action.
As enacted in 1968, it superseded the former rule which only covered automobile repair bills. The amendment in that year made it applicable to all bills “in connection with *524 tortious damages to person or property.” Bills and invoices for professional and other specialized services were thereby included. In 1970, the rule was further expanded pursuant to a proposal by the Judicial Conference to apply to all bills in all court actions. (See Fifteenth Ann Report of NY Judicial Conference, 1970, p 241.)
Therefore, defendant’s objection to the applicability of CPLR 4533-a to claimant’s exhibit is unfounded. It clearly pertains to medical bills.
The proffered document states “Partial Payment received...in full satisfaction of bill.” We turn then to the issue of whether this satisfies the rule’s requirement that the bill has been “receipted or marked paid”.
Joseph M. McLaughlin in his study for the 1970 Judicial Conference Report posits that the formal requirement of payment of the bill will discourage collusion between a claimant and his creditor involving the latter’s charge of an exorbitant fee. (Fifteenth Ann Report of NY Judicial Conference, 1970, p 243.) He does not deal with whether the bill must be paid in full. Of course there can be no accord and satisfaction of a sum owed where a debtor simply tenders a lesser sum. (Matter of King Metal Prods, v Workmen’s Compensation Bd., 29 Misc 2d 742, affd 20 AD2d 565.) However, there is no legal barrier to the acceptance of a lesser sum by a creditor if such is his “intent.” (Armour & Co. v Schlacter, 159 NYS2d 135.) In the case at bar, the physician’s intent can be inferred by what he has done, to wit: certifying and verifying that he has accepted partial payment in full satisfaction of the medical bill.
Accordingly, the court finds that the legend “Partial Payment...in full satisfaction” fulfills the rule’s requirement that the bill be “marked paid”.
We now reach defendant’s objections that the bill is not evidence of her injuries, the reasonable cost of her treatment and the necessity for such treatment.
A bill admissible under the rule affords prima facie proof of the reasonable value and the necessity of the services rendered. The burden of going forward then shifts to the defendant to present evidence to the contrary. Thus the *525 document is competent to show reasonable cost and necessity. It will be for the trier of fact to determine its weight. (See PJI 1:8.)
The rule does not dispense with the requirement of showing proximate cause. Consequently, a claimant’s bill is not prima facie evidence of personal injuries and other evidence must be proffered with respect thereto. (See Altman v Queens Tr. Corp., 94 Misc 2d 549; Henderson v Mardan Constr. Corp., 58 Misc 2d 975.) In the absence thereof the exhibit would be inadmissible due to lack of materiality and relevancy.
No medical testimony was offered by the claimant as to causation. However, we find that none is here required. Expert testimony is unnecessary when dealing with knowledge drawn from common sense and ordinary experience such as is possessed by the layman. (Meiselman v Crown Hgts. Hosp., 285 NY 389; Shaw v Tague, 257 NY 193.) Examples of such cases have included the overnight greying of hair following a traumatic accident (Shaw v Tague, supra), and an automobile knockdown where a pedestrian’s arm is broken (McLaughlin, 1970 Supplementary Practice Commentary, McKinney’s Cons Laws of NY, Book 7B, CPLR 4533-a, p 281).
Likewise claimant’s injuries present no real issue of proximate cause. Bruises and contusions are the common sequelae and physical manifestations of a fall down a flight of stairs. They are not remote and unusual effects which would call for more than a layman’s knowledge of cause and effect. (Shaw v Tague, supra.)
Accordingly, defendant’s objections discussed herein are, to the extent indicated, overruled.