BIG FIVE COMMUNITY SERVICES, INC., Plaintiff,

v.

Billy JACK and Larry Gentry, Appellees.

Rhonda GUINN and Roberta Summers, Third-party plaintiffs,

v.

Lloyd WYLIE, Jerry W. Pool, William Haddock, Jr., Richard Chase, and Big Five Economic Development Association, Third-party Defendants, Appellants,

Johnnie Boring and Glen Kahlor, Third-party Defendants, Appellees.

No. 70328.

Court of Appeals of Oklahoma, Division No. 3.

Oct. 10, 1989.

Tom A. Lucas, Norman, for appellants.

George W. Braly, Braly & Braly, Ada, for appellees.

MEMORANDUM OPINION

BAILEY, Chief Judge:

Appellants seek review of the Trial Court's order granting summary judgment to Appellees on Appellants' counter-claim for invasion of privacy and intentional in-

fliction of emotional distress, arising from alleged abuse of discovery process. Appellees Boring and Kahlor, former county commissioners, brought suit against Plaintiff Big Five Community Services (Big Five) in Pontotoc District Court Case No. C–87–10 (Case I). Appellee Larry Gentry (Gentry) brought suit against Big Five for wrongful termination in Pontotoc District Court Case No. C–87–115. During discovery in Case I and II, the District Court ordered, over Appellants' objection, documents produced by Big Five, particularly the personnel files of Appellants Lloyd Wylie, Jerry W. Pool, William Haddock, Jr., and Richard Chase (Appellants). Appellants did not seek protection from the discovery order, either by limitation of discovery from the Trial Court or by extraordinary writ.

Big Five then brought the subject action (Case III) against Gentry and Appellee Billy Jack (Jack) for slander. Jack filed his counter-claim and third-party plaintiffs Guinn and Summers filed their claim against Big Five and Appellants and Big Five Economic Development Association, a "public trust," alleging wrongful termination. Appellants counter-claimed against Boring, Kahler, Gentry and Jack alleging intentional abuse of the discovery process in Cases I and II, constituting an invasion of privacy and resulting in emotional distress. Appellants' claims of invasion of privacy and intentional infliction of emotional distress were based on the *court-ordered document discovery* of Appellants' personnel files in Cases I and II.

Appellees Jack, Gentry, Boring, Kahler, and third-party plaintiffs Guinn and Summers then moved for summary judgment on Appellants' claims stemming from alleged abuse of the discovery process, which the Trial Court granted. Appellants now seek review, asserting (1) the discovery of Appellants' personnel files constitutes an invasion of privacy under Federal statute, 5 U.S.C. § 552, and Oklahoma decisional law, (2) the Oklahoma Discovery Code, 12 O.S. 1984 Supp. § 3201 et seq., does not permit Appellees' "indiscriminate" copying of Appellants' personnel files during discovery, (3) Appellees' "indiscriminate" copying of

Appellants' personnel files during discovery is violative of Appellants' constitutional rights under the First, Third, Fourth, Fifth and Ninth Amendments to the United States Constitution, (4) that Appellees' acts of discovering Appellants' files also gave rise to a cause of action for intentional infliction of emotional distress, and (5) genuine issues of material fact remain as to Appellee's abuse of discovery and whether Appellees' acts amount to invasion of privacy or infliction of emotional distress, precluding summary judgment.

As a threshold issue, we must determine whether abuse of the discovery process by a party to litigation will support an independent cause of action in tort against the discovering party. While we have found no Oklahoma authority to that effect, it appears other jurisdictions have, while rejecting claims thereunder, tacitly recognized a tort cause of action for "abuse of process" stemming from misuse or abuse of discovery techniques. See, *Blue Goose Growers, Inc. v. Yuma Groves, Inc.*, 641 F.2d 695 (9th Cir.1981) (extensive document discovery request not improper nor used to obtain collateral advantage, and not supportive of cause of action for abuse of process); *D'Agostino v. Pan American World Airways, Inc.*, 79 A.D.2d 646, 433 N.Y.S.2d 823 (1980) (no showing of underlying intent to harass by issuance of subpoena duces tecum to support cause of action for abuse of process); *Miller v. Stern*, 262 A.D. 5, 27 N.Y.S.2d 374 (1941) (no abuse of discovery process where plaintiff required to reveal confidential communications during deposition); *Twyford v. Twyford*, 63 Cal.App.3d 916, 134 Cal.Rptr. 145 (1976) (inference of criminal conduct by plaintiff contained in defendant's answers to interrogatories absolutely privileged so as to constitute defense to action for abuse of process); *Thornton v. Rhoden*, 245 Cal. App.2d 80, 53 Cal.Rptr. 706 (1966) (publication of matters revealed during discovery standing alone does not support cause of action for abuse of process).

Notwithstanding, and while we do not forebear future civil actions for intentional abuse of the discovery process, we

find no error by the Trial Court in the present case. Clearly, Appellant's have no claim for violation of the Federal Privacy Act, as that legislation specifically exempts from its protection disclosure of information "pursuant to the order of a court of competent jurisdiction." 5 U.S.C. § 552a(b)(11). We cannot say the copying of documents pursuant to court-ordered discovery constitutes an "unreasonable intrusion into the seclusion of another" so as to support a cause of action for invasion of privacy. Restatement of Laws, Second, Torts 2d, § 652A; *McCormack v. Okla. Pub. Co.*, 613 P.2d 737 (Okl.1980). Neither do we disagree with the Trial Court's implicit ruling, as a part of its judicial function to determine the sufficiency of Appellants' evidence in support of their claim for emotional distress, that Appellees' conduct during court-ordered discovery was *not* so outrageous and extreme so as to permit recovery. Restatement of Laws, Second, Torts 2d, § 46(h), (i) & (j); *Breeden v. League Services Corp.*, 575 P.2d 1374 (Okl. 1978).

■■■■ In short, we find Appellants' bald allegations of abuse of the discovery process insufficient to support their claims for invasion of privacy or infliction of emotional distress, or to defeat Appellees' motion for summary judgment. We find no admissible evidence in the record to show an ulterior purpose or other willful or improper act by Appellees in the pursuit of the regular discovery process to support a claim for abuse of process under established Oklahoma law. See, e.g., *Tulsa Radiology Associates, Inc. v. Hickman*, 683 P.2d 537 (Okl.App.1984). Appellants apparently neither requested nor pursued protective orders or other extraordinary relief from the initial discovery orders in Cases I and II of which they now complain, and we therefore find the Trial Court properly granted summary judgment to Appellees on Appellants' claims arising from alleged abuse of the discovery process.

The order of the Trial Court granting summary judgment to Appellees on Appellants' claims for abuse of the discovery process is therefore AFFIRMED.

HANSEN, P.J., and REYNOLDS, J., concur.