■ Lisa Ingleston, Appellant, v Wallace Francis et al., Respondents. [614 NYS2d 469] —Crew III, J. Appeal from an order of the Supreme Court (Keegan, J.), entered April 19, 1993 in Albany County, which, *inter alia,* granted defendants' motion to dismiss the complaint.

Plaintiff commenced this action to recover damages for a thigh contusion, myositis ossificus, pain and suffering and permanent disfigurement of her left thigh as the result of a motor vehicle accident which occurred on December 21, 1988. In December 1988, defendants served a demand for experts in accordance with CPLR 3101 (d) (1). Plaintiff's response was that "[e]xperts [had] not yet been retained". Approximately one week before trial, counsel for plaintiff advised defense counsel that plaintiff intended to call Richard Alfred, plaintiff's attending physician. Defendants moved to preclude Alfred's testimony on the ground that plaintiff failed to comply with CPLR 3101 (d) (1) (i) and for dismissal of the complaint on the ground that plaintiff could not prove proximate cause or serious injury. Supreme Court granted both motions and this appeal ensued.

We reject plaintiff's contention that Supreme Court erred in precluding testimony by plaintiff's attending physician. We previously have held that a trial court has "broad discretionary powers in administering pretrial disclosure * * * and disclosure pursuant to CPLR 3101 (d) (1) (i) is no exception" *(Marra v Hensonville Frozen Food Lockers,* 189 AD2d 1004, 1005 [citation omitted]). Here, plaintiff failed to timely disclose

the identity of her expert, his qualifications, the subject matter on which the expert would testify and the grounds for his opinion. Under the circumstances, Supreme Court was fully within its authority to preclude plaintiff from introducing the expert testimony *(see, Baldwin v Degenhardt,* 189 AD2d 941, *revd on other grounds* 82 NY2d 867; *Olden v Bolton,* 137 AD2d 878).

We are of a different view with regard to the propriety of Supreme Court's dismissal of the complaint. Contrary to defendants' assertion, plaintiff was at liberty to call defendants' expert, Patricia Fox, who had examined plaintiff at the request of defendants and whose report had been given to plaintiff *(see, Gilly v City of New York,* 69 NY2d 509). Her testimony, if in accordance with her report, would have established prima facie a serious injury. Moreover, plaintiff arguably could establish a serious injury based upon her own testimony. Plaintiff contends that she has sustained a "significant disfigurement", and we have held that such a condition exists if " 'a reasonable person viewing [the] plaintiff's body in its altered state [regards] the condition as unattractive, objectionable, or * * * the subject of pity and scorn' " *(Siegle v County of Fulton,* 174 AD2d 930, 931, quoting *Caruso v Hall,* 101 AD2d 967, 968, *affd* 64 NY2d 843). Additionally, plaintiff's own testimony could have provided a basis for a jury finding that the accident was a proximate cause of plaintiff's injury.

To be sure, in most instances jurors would "find it difficult, without the aid of medical evidence, to connect conditions complained of with an accident, but the results may be of such a character as to enable them to draw their conclusions from their own knowledge or experience" *(Shaw v Tague,* 257 NY 193, 195). Here, plaintiff could have been expected to testify that as the result of the collision she banged her thigh, which thereafter became swollen and has remained so since the accident. It hardly requires a medical expert to say that swelling might follow such a blow *(see, supra).*

Cardona, P. J., Casey, Weiss and Peters, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as granted defendants' motion to dismiss the complaint; said motion denied; and, as so modified, affirmed.