■ LISA INGELSTON, Respondent, v WALLACE FRANCIS et al., Appellants. [629 NYS2d 517] —Mikoll, J. Appeal from an order of

the Supreme Court (Hughes, J.), entered January 4, 1995 in Albany County, which denied defendants' motion to preclude the testimony of plaintiff's expert witness at trial.

On or about September 29, 1989 plaintiff commenced this action to recover damages for personal injuries she allegedly sustained as the result of a motor vehicle accident that occurred on December 21, 1988. By order entered April 19, 1993, plaintiff was precluded from offering the testimony of her attending physician, Richard Alfred, at trial on the ground that plaintiff failed to comply with CPLR 3101 (d) (1) (i). The order also dismissed plaintiff's complaint upon the ground that plaintiff could not prove a prima facie case due to said preclusion.

Upon appeal this Court affirmed so much of the order as precluded introduction of the expert testimony of plaintiff's attending physician upon the trial of this action. However, we reversed so much of Supreme Court's order as dismissed plaintiff's complaint finding that "plaintiff was at liberty to call defendants' expert * * * who had examined plaintiff at the request of defendants and whose report had been given to plaintiff. * * * Her testimony, if in accordance with her report, would have established prima facie a serious injury. Moreover, plaintiff arguably could establish a serious injury based upon her own testimony" (206 AD2d 745, 746 [citation omitted]).

The action was again scheduled for trial to commence on January 3, 1995. Plaintiff attempted to comply with CPLR 3101 (d) (1) (i), this time by giving the required notice regarding her expert witness, Alfred, about 30 days before trial. Defendants thereafter moved to preclude the testimony of Alfred at the rescheduled trial by motion returnable January 3, 1995. The motion was heard and Supreme Court denied defendants' motion, ruling that plaintiff is not precluded from offering the expert testimony of Alfred at the trial of this action. This Court, by order dated January 12, 1995, granted defendants' motion for a stay pending appeal.

The order of Supreme Court entered January 4, 1995 should be reversed, the motion of defendants for preclusion granted and plaintiff precluded from calling an expert medical witness to give testimony upon the trial of this action except as provided in this Court's prior decision (206 AD2d 745, *supra*).

Initially, we find no merit in plaintiff's argument that this appeal should be dismissed because defendants' motion was not made on notice and is therefore not appealable as of right. The record reveals that the motion to preclude was made upon notice and that it is appealable as of right pursuant to CPLR

5701 (a) (2) (v) as the testimony of the expert would substantially affect defendants' ability to defend the action on the merits at the scheduled trial. In any event, this Court in its order of January 12, 1995 implicitly granted defendants permission to appeal, *sua sponte* (*see*, CPLR 5701 [c]).

We reject plaintiff's contention that Supreme Court's order of preclusion entered April 19, 1993, as affirmed, is not the law of the case and binding upon courts of lower or coequal jurisdiction in this action (*see*, *Matter of Dondi v Jones*, 40 NY2d 8, 15; *Martin v City of Cohoes*, 37 NY2d 162, 165; *Bolm v Triumph Corp.*, 71 AD2d 429, 434, *lv dismissed sub nom. Bolm v Birmingham Small Arms*, 50 NY2d 801, 928) because of new facts. First of all, Supreme Court's order of preclusion read "at the trial of this action". The trial has yet to be held and was not limited to the initial trial date but clearly applies to the trial on any date. To interpret the order otherwise in the absence of specific provision to do so would frustrate the purposes of the statute and would be wasteful of judicial time and effort. Consequently, there is no basis in the record to support Supreme Court's reinterpretation of that court's prior preclusion order. This is all the more clear when this Court opined that plaintiff could still prove a prima facie case. There would be no need to explain that plaintiff's own testimony or that of defendant's examining physician might make out a prima facie case if, upon a retrial, the preclusion order would not apply.

Cardona, P. J., Mercure, Casey and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and plaintiff is precluded from offering testimony of any medical expert upon the trial of this action except as provided in the prior order of Supreme Court entered April 19, 1993.