■ PAMELA ALLINGER, Individually and as Natural Guardian of AMANDA ALLINGER, an Infant, Appellant, v CITY OF UTICA, Respondent. [641 NYS2d 959] —Judgment unanimously re-

versed on the law with costs, motion denied, complaint reinstated and new trial granted. Memorandum: Plaintiff, individually and as natural guardian of her infant daughter, Amanda, commenced this action seeking damages for emotional injuries allegedly sustained when, according to plaintiff, two City of Utica police officers, without legal cause or a search warrant, forcibly entered plaintiff's second-floor apartment, screamed and swore at plaintiff and Amanda, held a gun to plaintiff's head, and confined them against their will. Immediately before entering plaintiff's apartment, the officers had executed a no-knock search warrant at an apartment on the ground floor of the building. According to plaintiff, the officers were not in uniform, displayed no badges and had no identifying insignia on their clothing. They finally identified themselves as members of the Police Drug Task Force Unit, but did not state their reason for entering the apartment. Plaintiff and Amanda testified at trial that the conduct of the police officers made them fear for their lives, that Amanda became hysterical, that they still have trouble sleeping and that they suffer from nightmares. No medical proof was presented. At the close of proof, Supreme Court dismissed the complaint on the ground that, in the absence of medical proof, a causal relationship of the emotional injuries suffered by plaintiff and Amanda had not been established. That was error.

A complaint should not be dismissed at the close of proof unless " 'by no rational process could the trier of the facts base a finding in favor of the [plaintiff] upon the evidence * * * presented' " (*Vyse v City of New York,* 144 AD2d 452, 454; *see, Grizzanto v Golub,* 188 AD2d 1015). It is well established that one may recover for emotional injuries even in the absence of a showing of physical damages (*see, Scholl v City of Utica,* 163 AD2d 909; *O'Donnell v K-Mart Corp.,* 100 AD2d 488, 492; *Williams v City of Buffalo,* 72 AD2d 952, 953, *appeal dismissed* 49 NY2d 799). Viewing the evidence in the light most favorable to plaintiff, we conclude that she established a prima facie case of false imprisonment (*see, Broughton v State of New York,* 37 NY2d 451, 456-457, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929; *Scholl v City of Utica, supra*) as well as assault (*see, Reichle v Mayeri,* 110 AD2d 694; PJI 3:2 [1996 Supp]). Whether the alleged emotional injuries suffered by plaintiff and Amanda were caused by the false imprisonment and assault is an issue for the jury (*see, Eiseman v State of New York,* 70 NY2d 175, 187; *Derdiarian v Felix Contr. Co.,* 51 NY2d 308, 315, *rearg denied* 52 NY2d 784). Further, expert medical evidence to establish causation is not required where, as here,

jurors may "draw their conclusions [about causation] from their own knowledge or experience" (*Shaw v Tague*, 257 NY 193, 195; *see, Ingleston v Francis*, 206 AD2d 745, 746; *Twitchell v MacKay*, 78 AD2d 125; *Parrott v Pelusio*, 65 AD2d 914). The conclusion that a mother and her young child may be terrified and suffer emotional trauma from the sudden, explosive entry into their apartment of strangers carrying guns does not require special knowledge or training. Thus, the court erred in dismissing the false imprisonment and assault causes of action.

The court also erred in dismissing the causes of action for negligent infliction of emotional distress. Plaintiff may recover damages for negligent infliction of emotional distress for "injuries, physical or mental, incurred by fright negligently induced" (*Battalla v State of New York*, 10 NY2d 237, 239). For the foregoing reasons, a jury could find, even without medical testimony, that the conduct of the police officers was the proximate cause of the emotional injuries suffered by plaintiff and Amanda (*see, Shaw v Tague, supra*, at 195; *Ingleston v Francis, supra*, at 746). (Appeal from Judgment of Supreme Court, Oneida County, Tenney, J.—False Imprisonment.) Present—Green, J. P., Lawton, Wesley, Doerr and Boehm, JJ.