OPINION OF THE COURT
Francis T. Collins, J.
This is a claim to recover for emotional distress and derivative loss allegedly resulting from a “peeping tom” incident that occurred on June 29, 1994 in a shower facility at the Wellesley Island State Park located in Jefferson County, New York. Wellesley Island State Park is a camping facility owned and operated by the defendant.
Ellen Topor had been camping at the State Park for three days prior to the incident with her husband, brother and her brother’s girlfriend. Between 8:00 and 9:00 p.m. on the evening of June 29, 1994, Mrs. Topor went to the women’s bathroom to take a shower. The shower facility is a 24 foot by 24 foot building divided by a pipe chase into separate shower rooms for men and women. Within the pipe chase are pipes and other physical equipment relating to the sinks, toilets and showers. The pipe chase is also used for the storage of cleaning supplies and is accessed by two self-locking doors, one providing entry from the female area and the other from the male area. Park employees were the only persons possessing keys to the pipe chase doors.
Mrs. Topor entered a shower stall, disrobed and noticed that some tiles were missing around the faucet control. As she *179 showered, she happened to look down and saw that the “holes were all lit up”. She bent over and looked through one of the holes and saw an eyeball peering through the hole. Distraught, she dressed, returned to the campsite and told her husband someone had been watching her in the shower. The incident was reported and investigated by park employees and park police.
The investigation disclosed three holes in the common wall of the pipe chase and female shower area. The holes resulted from the replacement of shower controls earlier in the year. The park manager was aware of the holes, which should have been repaired, but were not. A person within the pipe chase looking through the peepholes had a clear view of a person taking a shower in the stall used by Mrs. Topor. The doors to the pipe chase were locked when the police officer investigating the incident arrived shortly after the Topors’ report. The only park employee on duty that evening with a key to the pipe chase was the supervisor of the night cleaning crew. The night cleaning crew cleaned the women’s shower stalls on a daily basis, including the wall with the missing tiles and peepholes.
Mrs. Topor suffered symptoms of depression, anxiety, nightmares, concerns for her personal safety and sexual dysfunction following the incident, which symptoms continued in some degree to the time of trial. Commencing on July 12, 1994, Mrs. Topor received counseling through the Child and Family Services of Syracuse in the person of Randi N. Borroff, a certified social worker. Ms. Borroff gave a diagnosis of adjustment disorder with mixed emotional features. Mrs. Topor also related preexisting marital problems. The counseling sessions ended when Ms. Borroff left her employment with Child and Family Services of Syracuse.
On cross-examination Ms. Borroff conceded that she was not an expert qualified to give an opinion regarding the issue of causation and had no interest in what caused the problems of the people she counseled, as her main focus was resolution. She could not give a definitive opinion as to whether Mrs. Topor’s problems arose from the incident at Wellesley Island State Park or the couple’s prior marital problems.
At the close of the claimant’s case defense counsel made a motion to dismiss upon the ground that as Mrs. Topor was in no fear of physical harm she cannot recover for her emotional distress. At the close of the evidence a second dismissal motion was made upon the ground that there was insufficient proof of a causal relationship between the incident and the injuries. Those motions will now be addressed.
*180 The law has long been settled that a claimant can recover for emotional trauma even in the absence of a physical injury (Battalla v State of New York, 10 NY2d 237; Scannapieco v New York City Tr. Auth., 200 AD2d 410, 412). Contrary to the position taken by defense counsel, there is no requirement that a claimant seeking such recovery must be in physical fear of his or her own safety. That point is made clear by a review of pertinent Court of Appeals rulings. In the case of Martinez v Long Is. Jewish Hillside Med. Ctr. (70 NY2d 697), an abortion was performed on the plaintiff based on the erroneous advice of her physician that the baby would be born with a congenital birth defect. The plaintiff sued for emotional harm and the Court of Appeals held that “where there is a breach of a duty owed by defendant to plaintiff, the breach of that duty resulting directly in emotional harm is actionable” (supra, at 699). In the case of Johnson v State of New York (37 NY2d 378, 379-380), the Court of Appeals permitted the daughter of a hospital patient to recover for “emotional harm sustained by her as a result of negligent misinformation given by the hospital that her mother had died.” In neither of the foregoing cases was the plaintiff in fear of her own physical safety. Defense counsel is confusing claimants’ theory of recovery with the “zone of danger” rule which applies when a plaintiff seeks to recover as a result of witnessing the physical injury or death of another. In that situation, the plaintiff must be within the zone of risk of bodily harm in order to recover (see, Bovsun v Sanperi, 61 NY2d 219). Here, Mrs. Topor need not have been in fear of her own physical safety in order to recover. Her subsequent symptoms of nightmares, strong and continuing concerns regarding her privacy and security and inability to engage in normal sexual relations with her husband were not unexpected or aberrational results of the shock and fright suffered by the claimant upon seeing an eye peering through a peephole while she showered in a public shower facility. The dismissal motion made at the close of the claimants’ case is denied.
The second dismissal motion contending failure of proof upon the causation issue apparently derives from Ms. Borroffs testimony that she was not interested in, nor qualified to give an expert opinion upon, causation. Concededly, in some situations appellate courts have held that expert testimony regarding the issue of proximate cause will be required in order to recover for emotional distress (Esposito v Jenson, 229 AD2d 951). However, it is equally well settled that in a claim for emotional *181 trauma, expert medical evidence to establish causation is not required where, as here, jurors may “ ‘draw their conclusions [about causation] from their own knowledge or experience’ ” (Allinger v City of Utica, 226 AD2d 1118, 1120). On remand in the Battalia case, the Third Department held that, “it is common knowledge that fright can have serious mental and physical consequences” (Battalia v State of New York, 26 AD2d 203, 205, affd 24 NY2d 980). This record presents an issue upon the causation question which is within the common knowledge of the trier of fact. The motion to dismiss made at the close of the evidence is denied.
The State has a duty to maintain its parks in a reasonably safe condition for use by the public (Byrd v State of New York, 206 AD2d 449). However, New York adheres to the common-law rule which does not recognize a cause of action to recover damages for invasion of privacy (D’Agostino v Pan Am. World Airways, 79 AD2d 646). Consequently, a source other than the common law must be found to impose a duty upon the State to guard against peepholes in its rest rooms and other public facilities. In the case of Dana v Oak Park Marina (230 AD2d 204), a patron brought an action against the owners and operators of a marina alleging that she had suffered emotional distress as the result of the marina’s videotaping of patrons in the rest rooms. The defendant’s dismissal motion was granted, in part, by the lower court. The Appellate Division recognized that the common law did not impose a duty upon landowners to protect a visitor’s privacy. However, the Court did find such a duty in General Business Law § 395-b, saying: “Section 395-b (2) of the General Business Law prohibits the installation of cameras in ‘any fitting room, restroom, toilet, bathroom, washroom, shower, or any room assigned to guests or patrons in a motel, hotel or inn’ for the purpose of surreptitiously observing the interior of those facilities. The statute is intended to protect persons, such as plaintiff, who are surreptitiously viewed while lawfully utilizing the described facilities. Although it appears that the statute does not create an independent private cause of action for persons harmed by a violation of its provisions, we nevertheless conclude that that statute sets forth a duty owed directly to plaintiff that may serve as a basis for a cause of action for the negligent infliction of emotional distress.” (Supra, at 208.)
Section 395-b (2) of the General Business Law provides that, “[a] person is guilty of unlawfully * * * maintaining a * * * viewing device when, being the owner or manager of any *182 premises, he knowingly permits or allows such a device to be * * * maintained in or upon such premises, for the purpose of surreptitiously observing the interior of any * * * shower”. Subdivision (1) of the statute defines the term “viewing device” to include a “peephole” and subdivision (3) exempts from the statute’s coverage certain public and private entities including public correctional or custodial facilities, public or private facilities engaged in the treatment of persons committed or voluntarily confined thereat and any facility operated by a Federal, State or local law enforcement agency.
The manner in which the statute is constructed makes it apparent that the substantive provisions contained in subdivision (2) of section 395-b apply to public facilities other than those specifically excluded pursuant to subdivision (3). Those public facilities not so excluded, including a State park, are necessarily subject to the statutory prohibitions regarding the installation or maintenance of a two-way mirror or other viewing device.
Pursuant to the above analysis the defendant was under a duty to its patrons not to permit a peephole to be maintained in the wall of the D area shower facility. The court gives credence to the deposition testimony of Ranger Shorkey that the park manager was aware of the holes weeks before the incident, and knew that the holes needed to be repaired. The defendant had actual notice of the condition. Moreover, even in the absence of actual notice the defendant would have been charged with constructive notice upon this record in that its employees cleaned the faucet control and tiles on a daily basis and should have observed and reported the peepholes. The condition was easily correctable as evidenced by the repairs performed shortly after the event. The court credits Mrs. Topor’s testimony that some person within the pipe chase used the peepholes to watch her shower on the evening of June 29, 1994. It is not necessary that the identity of the “peeping tom” be ascertained in order for the Topors to recover (see, Carter v Innisfree Hotel, 661 So 2d 1174, 1179). The court holds that the defendant breached a duty to the claimants which proximately caused the emotional trauma sustained by Mrs. Topor and the loss of consortium suffered by Mr. Topor.
The last issue is damages. The court is aware that an argument could be made that Mrs. Topor’s complaints are caused by the preexisting marital problems. However, the fact remains that she did not have the symptoms of depression, anxiety, nightmares, concerns for her personal safety and sexual *183 dysfunction prior to the incident. Likewise, whatever his shortcomings, as a result of the campsite incident Mr. Topor has lost the sexual relationship with his spouse that he previously enjoyed. While renewed counseling could potentially alleviate the problems, Mr. Topor’s testimony that the claimants cannot afford such counseling is uncontradicted. The court awards Mrs. Topor $20,000 for past emotional trauma, $5,000 for future emotional trauma and $5,000 to Mr. Topor for past and future loss of consortium.
[Portions of opinion omitted for purposes of publication.]