■ JANET SARLO, Respondent, v FAIRCHILD SONS, INC., et al., Appellants, et al., Defendants. [681 NYS2d 555] —In an action, *inter alia,* to recover damages for the negligent and intentional infliction of mental and emotional distress, the defendants Fairchild Sons, Inc., and Kevin Squires appeal from an order of the Supreme Court, Nassau County (Burke, J.), entered October 7, 1997, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion of the defendants Fairchild Sons, Inc., and Kevin Squires for summary judgment dismissing the complaint insofar as asserted against them is granted, the complaint is dismissed insofar as asserted against them, and the action against the remaining defendants is severed.

The plaintiff hired the defendant Fairchild Sons, Inc., a funeral home, and its director, the defendant Kevin Squires, to arrange for the cremation of her late husband, and to allegedly return the cremains to her. In making this arrangement, the plaintiff signed a "Customer's Designation of Intentions" form which provided for the cremains to be "[r]eturn[ed] to [f]amily". The cremation took place on September 16, 1992, but the cremains were released to the defendant Karen Blanco, the decedent's niece, on September 25, 1992, instead of to the plaintiff. The cremains were eventually returned to the plaintiff, on October 4, 1992.

In the instant action, the plaintiff sought, *inter alia,* to recover damages against Fairchild and Squires for the intentional and negligent infliction of emotional distress. The Supreme Court denied the motion of Fairchild and Squires for summary judgment.

Under the circumstances, the conduct of Fairchild and Squires did not satisfy the elements of the tort of intentional infliction of emotional distress, in that it was not " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community' " (*Murphy v American Home Prods. Corp.,* 58 NY2d 293, 303, citing *Fischer v Maloney,* 43 NY2d 553, 557-558).

The plaintiff's cause of action sounding in negligent infliction

of emotional distress is also without merit (*see generally, Johnson v State of New York,* 37 NY2d 378; *Lando v State of New York,* 39 NY2d 803).

Accordingly, the motion for summary judgment is granted. Mangano, P. J., Thompson, Santucci and McGinity, JJ., concur.