■ JOSEPH F. PIAZZA et al., Respondents-Appellants, v GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., et al., Appellants-Respondents. [753 NYS2d 86] —In an action to recover damages for personal injuries, etc., the defendant Great Atlantic & Pacific Tea Company, Inc., appeals from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated July 30, 2001, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, the defendant Lodato Enterprises, Inc., separately appeals, as limited by its brief, from so much of the same order as granted that branch of the plaintiff's cross motion which was to strike its answer due to the spoliation of certain evidence and for summary judgment against it on the issue of liability to the extent of allowing an adverse inference to be drawn against it at the trial of the action, and the plaintiffs cross-appeal from so much of the same order as granted their cross motion to strike the defendants answers due to the spoliation of certain evidence and for summary judgment against them on the issue of liability only to the extent of allowing an adverse inference to be drawn against the defendants at the trial of the action.

Ordered that the order is reversed insofar as appealed from, the motion is granted, the complaint is dismissed insofar as asserted against the defendant Great Atlantic & Pacific Tea Company, Inc., the action against the remaining defendant is severed, and that branch of the cross motion which was to strike the answer of the defendant Lodato Enterprises, Inc., due to the spoliation of certain evidence and for summary judgment against it on the issue of liability is denied in its entirety; and it is further,

Ordered that the cross appeal from so much of the order as granted that branch of the cross motion which was to strike the answer of the defendant Great Atlantic & Pacific Tea Company, Inc., due to spoliation of certain evidence and for summary judgment against it on the issue of liability only to the extent of allowing an adverse inference to be drawn against it at trial is dismissed as academic; and it is further,

Ordered that the order is affirmed insofar as reviewed on the cross appeal; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff was injured on January 13, 1996, when the port-a-lift (hereinafter lift) that he used to load milk cartons during a delivery to the defendant Great Atlantic & Pacific Tea Company, Inc. (hereinafter A&P), collapsed. The lift was owned by the defendant Lodato Enterprises, Inc. (hereinafter Lodato), and was taken from the accident site to Lodato's construction yard approximately one week after the accident. Lodato disposed of the lift sometime thereafter, although no precise date was specified. However, it is undisputed that it was disposed of before the commencement of this action.

A&P established its entitlement to summary judgment dismissing the complaint insofar as asserted against it by demonstrating that it neither created nor had actual or constructive notice of the alleged defect that caused the accident (*see generally Gordon v American Museum of Natural History,* 67 NY2d 836). In opposition, no triable issue of fact was raised. Accordingly, the Supreme Court erred in denying A&P's motion of for summary judgment dismissing the complaint insofar as asserted against it.

Further, the Supreme Court should have denied that branch of the plaintiffs' cross motion which was to strike the answer of the defendant Lodato Enterprises, Inc., due to the spoliation of certain evidence and for summary judgment against it on the issue of liability in its entirety, without allowing an adverse inference to be drawn against Lodato. After the incident, the plaintiffs did not advise Lodato that they intended to file suit against it, and did not request that Lodato preserve the lift for inspection. Further, the plaintiffs did not seek to inspect the lift before the action was commenced pursuant to CPLR 3102 (c). This action was commenced approximately three years after the accident, and the plaintiffs first requested to inspect the lift approximately four months after the action was commenced.

As Lodato correctly contends, the Supreme Court erred in applying CPLR 3126 to this action, as such provision is only applicable to parties in an action who refuse to obey an order for disclosure, or wilfully fail to disclose material which the court finds ought to be disclosed (*see* CPLR 3126; *DiDomenico v C & S Aeromatik Supplies,* 252 AD2d 41, 49). Here, there was no finding that Lodato failed to obey a court order or wilfully failed to disclose material.

In light of our determination granting A&P summary judgment dismissing the complaint insofar as asserted against it, we need not consider the remaining contentions of the plaintiffs and A&P. Feuerstein, J.P., S. Miller, Friedmann and Cozier, JJ., concur.