■ JOSEPH WEISS et al., Respondents, v INDUSTRIAL ENTERPRISES, LTD., et al., Appellants. (And a Third-Party Action.) [776 NYS2d 322]—

In an action to recover for property damage, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hubsher, J.), dated October 9, 2003, as denied their motion to dismiss the complaint or, in the alternative, to preclude the plaintiffs, in effect, pursuant to CPLR 3126, from offering any evidence at trial relating to the collapse of the subject premises, based on the alleged spoliation of evidence, and to preclude the use of documentary evidence at trial of the plaintiffs' deceased expert, Igor Vassliev.

Ordered that the appeal by the defendants from so much of the order as denied their motion to preclude the use of documentary evidence at trial of the plaintiffs' deceased expert, Igor Vassliev is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed, with costs.

We agree with the Supreme Court that under the circumstances presented here, the plaintiffs should not have been sanctioned for the spoliation of evidence. The defendants failed to demonstrate that the demolition of the plaintiffs' building pursuant to mandate of the Department of Buildings was an intentional attempt to hide or destroy evidence (see Popfinger v Terminix Intl. Co. Ltd. Partnership, 251 AD2d 564 [1998]), or a negligent destruction of evidence that the plaintiffs had a duty to preserve (see Andretta v Lenahan, 303 AD2d 527 [2003]; Piazza v Great Atl. & Pac. Tea Co., 300 AD2d 381 [2002]).

So much of the order as denied that branch of the defendants' motion which was to preclude the use of documentary evidence at trial of the plaintiffs' deceased expert, Igor Vassliev was, in effect, an evidentiary ruling. Such "an evidentiary ruling, even when made in advance of trial on motion papers, constitutes, at best, an advisory opinion which is neither appealable as of right nor by permission" (Savarese v City of N.Y. Hous. Auth., 172 AD2d 506, 509 [1991]). Smith, J.P., Krausman, Crane and Mastro, JJ., concur.