■ JOANNE HERING et al., Respondents, v LIGHTHOUSE 2001, LLC, et al., Appellants, et al., Defendant. [799 NYS2d 825]—

In an action to recover damages, inter alia, for negligent and

intentional or reckless infliction of emotional distress, the defendants Lighthouse 2001, LLC, Lighthouse 2001 Corp., Lighthouse 2001 Operating, LLC, Lighthouse Real Estate Management, LLC, Sheinker Wasserstein, Inc., Sheinker Wasserstein Realty Services, Inc., Paul Cooper, and Joe Cava appeal from so much of (1) an order of the Supreme Court, Nassau County (Joseph, J.), entered March 30, 2004, as denied those branches of their motion which were for summary judgment dismissing the causes of action alleging negligent and intentional or reckless infliction of emotional distress insofar as asserted against them and to preclude the plaintiffs' expert witnesses from testifying at trial or, alternatively, to direct that those witnesses submit to a hearing pursuant to *Frye v United States* (293 F 1013 [1923]), and (2) an order of the same court dated June 17, 2004, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order entered March 30, 2004, is dismissed, as that order was superseded by the order dated June 17, 2004, made upon reargument; and it is further,

Ordered that the appeal from so much of the order dated June 17, 2004, as, upon reargument, adhered to the original determination denying that branch of the motion which was to preclude the plaintiffs' expert witnesses from testifying at trial or, alternatively, to direct that a hearing be held pursuant to *Frye v United States* (293 F 1013 [1923]) is dismissed; and it is further,

Ordered that the order dated June 17, 2004, is modified, on the law, by deleting the provision thereof which, upon reargument, adhered to the original determination denying that branch of the motion which was for summary judgment dismissing the cause of action alleging intentional or reckless infliction of emotional distress insofar as asserted against the appellants and substituting therefor a provision, upon reargument, granting that branch of the motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements, and the order entered March 30, 2004, is modified accordingly.

The Supreme Court properly denied that branch of the appellants' motion which was for summary judgment dismissing the cause of action alleging negligent infliction of emotional distress. While General Business Law § 395-b does not create an independent cause of action for persons harmed by a violation of its provisions, it does "[set] forth a duty owed directly to plaintiff[s] that may serve as a basis for a cause of action for the negligent infliction of emotional distress" (*Dana v Oak Park Mar.*, 230 AD2d 204, 208 [1997]; *see Adams v Oak Park Mar.*, 261 AD2d

903, 904 [1999]; *Salamone v Oak Park Mar.*, 259 AD2d 987 [1999]; *Topor v State of New York*, 176 Misc 2d 177, 181-182 [1997]).

Additionally, the Supreme Court properly found that the plaintiffs presented "enough evidence to enable a jury to reasonably infer" that the appellants had constructive notice of the holes in the ladies' restroom (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *Curiale v Sharrotts Woods, Inc.*, 9 AD3d 473, 475 [2004]; *Topor v State of New York, supra* at 182), that the holes were used as, or intended to be used as peepholes (*Distribuidora Nacional De Disco of N.Y. v Rappaport*, 92 AD2d 559, 560 [1983]; *see Spett v President Monroe Bldg. & Mfg. Corp.*, 19 NY2d 203, 205 [1967]), and that the incident proximately caused the alleged damage (*see Maheshwari v City of New York*, 2 NY3d 288, 295 [2004]; *Shaw v Tague*, 257 NY 193, 195 [1931]; *Allinger v City of Utica*, 226 AD2d 1118, 1119-1120 [1996]).

Furthermore, the Supreme Court properly found the existence of special circumstances out of which would arise "an especial likelihood of genuine and serious mental distress. . . [that would serve] as a guarantee that the claim is not spurious" and, therefore, allow recovery for emotional distress even in the absence of physical harm or fear of physical harm (*Johnson v State of New York*, 37 NY2d 378, 382 [1975] [internal quotation marks omitted]; *see Massaro v O'Shea Funeral Home*, 292 AD2d 349, 350 [2002]; *Rivera v Wyckoff Hgts. Hosp.*, 184 AD2d 558 [1992]).

However, we agree with the appellants that the Supreme Court erred in denying that branch of the appellants' motion which was for summary judgment dismissing the cause of action alleging intentional or reckless infliction of emotional distress. Based on the evidence here, which established only that the appellants should have been aware of the holes, not that they created or even were actually aware of them, no jury could reasonably conclude that their conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (*Fischer v Maloney*, 43 NY2d 553, 557 [1978] [internal quotation marks omitted]; *see Sarlo v Fairchild Sons*, 256 AD2d 322 [1998]; *cf. Roach v Stern*, 252 AD2d 488, 491 [1998]; *Laurie Marie M. v Jeffrey T.M.*, 159 AD2d 52 [1990], *affd* 77 NY2d 981 [1991]).

So much of the order dated June 17, 2004, as, upon reargument, adhered to the original determination denying that branch of the motion which was to preclude the plaintiffs' expert

witnesses from testifying at trial or, alternatively, to subject them to a *Frye* hearing (*see Frye v United States*, 293 F 1013 [1923]) was, in effect, an evidentiary ruling. As such, it constituted, at best, "an advisory opinion, which is neither appealable as of right nor by permission" (*Savarese v City of New York Hous. Auth.*, 172 AD2d 506, 509 [1991]; *see Weiss v Industrial Enters.*, 7 AD3d 518 [2004]; *Danne v Otis El. Corp.*, 276 AD2d 581 [2000]). Schmidt, J.P., S. Miller, Santucci and Skelos, JJ., concur.