The Supreme Court’s advisory statement in the order appealed from, in which it indicated to the plaintiffs counsel that it would inform counsel of any further action it might take against counsel for violating rule 4.1 of the Rules of Professional Conduct, is not appealable as of right or by permission (see Weiss v Industrial Enters., 7 AD3d 518 [2004]).
Contrary to the Supreme Court’s determination, an original mortgagee can continue an action even though it assigned its interest in the mortgage and note to another entity during the pendency of an action, unless the court directs a substitution of parties pursuant to CPLR 1018 (see CitiMortgage, Inc. v Rosenthal, 88 AD3d 759 [2011]; NationsCredit Home Equity Servs. v Anderson, 16 AD3d 563 [2005]; Lincoln Sav. Bank, FSB v Wynn, 7 AD3d 760 [2004]; Central Fed. Sav. v 405 W. 45th St., 242 AD2d 512 [1997]). Accordingly, the Supreme Court erred in, sua sponte, directing dismissal of the complaint based on the plaintiffs alleged assignment of the subject mortgage and note to another entity during the pendency of this action. Angiolillo, J.P, Florio, Belen and Roman, JJ., concur.